T.C. Memo. 2012-84

UNITED STATES TAX COURT

SHANNON M. BLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28329-09L.                    Filed March 22, 2012.

R's Appeals Office determined that R was warranted in filing a notice of Federal tax lien against P with respect to assessed I.R.C. sec. 6672 responsible person penalties for certain quarterly periods during 2000-2003. P assigns error on the ground that the settlement officer improperly denied him the right, during his collection due process hearing (lien hearing), to challenge his liability for the penalties. P argues that, because he did not actually receive the preliminary notice of proposed assessment of I.R.C. sec. 6672 penalties required under I.R.C. sec. 6672(b)(1), the settlement officer who conducted a previous hearing with respect to a notice of levy to collect those assessed penalties (levy hearing) agreed to remand the case to the revenue officer who mailed the preliminary notice for a determination as to P's liability therefor. Because that never happened, P argues he did not have a prior opportunity to challenge his underlying liability and should have been permitted to do so at the lien hearing. R argues that the settlement officer who conducted the levy hearing did consider (and did sustain) P's underlying liability for the I.R.C. sec. 6672 penalties,

thereby precluding him from raising that issue during the lien hearing pursuant to I.R.C. sec. 6330(c)(2)(B).

1. Held: Because the I.R.C. sec. 6672(b)(1) preliminary notice of proposed assessment of I.R.C. sec. 6672 penalties was mailed to P's last known (and, admittedly, correct) address, it satisfied the mailing requirements of that section, and the subsequent penalty assessments were valid.

2. Held, further, the levy hearing afforded to P an opportunity to dispute his underlying liability for the assessed I.R.C. sec. 6672 penalties, thereby precluding him from disputing that liability at the lien hearing pursuant to I.R.C. sec. 6330(c)(2)(B).

3. Held, further, R's determination not to withdraw the lien is sustained.

Clair Page Hamrick, III, for petitioner.

Alisha M. Harper, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge: This case is before the Court to review a determination made by respondent's Appeals Office (Appeals) that a notice of Federal tax lien

filed against petitioner was an appropriate action and that collection of the following outstanding assessed responsible person penalties[1] may proceed.

| Tax period ending | Amount owed |
|---|---|
| 6/30/2000 | $6,762.45 |
| 9/30/2000 | 3,197.35 |
| 3/31/2001 | 7,158.10 |
| 6/30/2001 | 6,734.81 |
| 9/30/2001 | 5,654.38 |
| 12/31/2002 | 3,147.86 |
| 3/31/2003 | 1,400.78 |

We review the determination pursuant to sections 6320(c) and 6330(d)(1).[2]

Petitioner assigns error to the determination on the ground that the settlement officer improperly denied him an opportunity to contest his underlying liability for the section 6672 responsible person penalties upon which the assessments are based.

---

[1]The notice of lien also included an assessed income tax liability for calendar year 1995 that is not in dispute herein.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

## FINDINGS OF FACT[3]

At the time the petition was filed, petitioner resided in West Virginia.

Events Leading Up to the Equivalent Hearing With Settlement Officer James Payton

On or about June 3, 2004, respondent, in the person of Revenue Officer Don Fluharty, sent, by certified mail, a Letter 1153[4] addressed to petitioner at his address in West Virginia. That letter advised petitioner of a proposed 100% penalty assessment under section 6672 for failure to collect and pay over

---

[3]At the outset, we note that, at the conclusion of the trial in this case, the Court set a schedule for opening and answering briefs. Petitioner did not submit an answering brief. In pertinent part, Rule 151(e), Tax Court Rules of Practice and Procedure, provides that, in an answering brief, a party set forth any objections, together with the reasons therefor, to any proposed findings of any other party. Since petitioner did not submit an answering brief, we conclude that petitioner has no objection to respondent's proposed findings of fact. We shall, therefore, conclude that they are correct except to the extent that they are clearly inconsistent with either evidence in the record or petitioner's proposed findings of fact. See, e.g., Jonson v. Commissioner, 118 T.C. 106, 108 n.4 (2002), aff'd, 353 F.3d 1181 (10th Cir. 2003); Lenihan v. Commissioner, T.C. Memo. 2006-259.

[4]A Letter 1153 constitutes the notice of proposed assessment of a sec. 6672 responsible person penalty required by sec. 6672(b) as a precursor to the Commissioner's imposition of the penalty. See Rev. Proc. 2005-34, sec. 4.01, 2005-1 C.B. 1233, 1234 (setting forth the procedures for mailing that letter and for the taxpayer's exercise of his right to either agree to or dispute the proposed assessment within 60 days of the date on the letter). Rev. Proc. 2005-34, supra, supersedes Rev. Proc. 84-78, 1984-2 C.B. 754, and is effective for all trust fund recovery penalties proposed after May 20, 2005. Rev. Proc. 2005-34, secs. 9 and 10, 2005-1 C.B. at 1235, respectively. Nevertheless, it is consistent with sec. 6672 as in effect when respondent sent the Letter 1153 to petitioner and sets forth procedures that, it seems, respondent followed.

employment taxes with respect to employees of Twenty Four Seven Convenience Stores, LLC (Twenty Four Seven), located at the same address. Mr. Fluharty mailed the Letter 1153 to petitioner's correct address, and it was received and signed for by Michelle Bowles, who was then a receptionist at petitioner's building.

Petitioner did not file an appeal disputing the proposed assessment. On August 23, 2004, after the expiration of the 60-day period during which petitioner was entitled to dispute the proposed assessment, respondent assessed section 6672 responsible person penalties (also known as trust fund recovery penalties) against petitioner for the above-referenced periods in connection with unpaid employment taxes of Twenty Four Seven.

On October 23, 2004, respondent mailed to petitioner a Letter 1058 (LT 11), Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to petitioner's unpaid, assessed responsible person penalties. On August 2, 2006, almost two years later, respondent received from petitioner an untimely[5] Form 12153, Request for a Collection Due Process Hearing (CDP levy hearing request), which was prompted by a June 14, 2006, notice of levy directed

---

[5]Petitioner had 30 days from his receipt of the levy notice in which to file a request for a CDP hearing. See sec. 6330(a)(3)(B).

against amounts payable to petitioner by a third party.[6]  In the CDP levy hearing request, petitioner gave the following explanation for his disagreement with the proposed levy:  "The Taxpayer is not the responsible officer in this situation.  He was a member of the LLC but was not the managing member and did not exert control over the day to day operations, including payroll and payroll deposits."

On August 17, 2007, in response to the CDP levy hearing request, respondent's representative sent petitioner a letter explaining that his request was untimely but that he was being offered an equivalent hearing in the form of a conference call.  Petitioner's representative, Patrick Donahoe, a certified public accountant, requested a face-to-face hearing in Charleston, West Virginia, which respondent agreed to schedule.  Petitioner's case was assigned to Settlement Officer James Payton, who decided that, because Ms. Bowles, rather than petitioner, had signed for the Letter 1153, he would review the responsible person penalty file with respect to petitioner (which he did on November 2, 2007) and permit petitioner to challenge his underlying liability for the penalties.

---

[6]The notice of levy includes an assessed responsible person penalty of $4,814.89 for the quarter ending March 31, 2000, which is not listed in the notice of lien that respondent seeks to enforce herein.  There is no explanation in the record for that discrepancy.

Equivalent Hearing With Settlement Officer James Payton

On November 13, 2007, Mr. Payton conducted a face-to-face equivalent hearing with petitioner, Mr. Donahoe, and petitioner's counsel in this case, Clair Page Hamrick. During the hearing, Mr. Payton allowed petitioner to challenge his liability for the assessed responsible person penalties on the ground that he did not sign for the Letter 1153. They discussed his liability for the periods at issue and what petitioner needed to produce in order to demonstrate that he was not a responsible person; i.e., a "person required to collect, truthfully account for, and pay over" employment taxes on behalf of Twenty Four Seven.[7] During the hearing, Mr. Payton advised petitioner and his representatives that, without additional information, he would sustain the responsible person penalty assessments. He allowed them additional time (until December 5, 2007) to provide additional information. Mr. Payton extended that deadline to January 22, 2008, and, having received no additional information by that date, he telephoned Mr. Donahoe the following day to say that he was closing the CDP levy case and sustaining the responsible person penalty assessments and the issuance of the levy.

---

[7]See sec. 6672(a).

The February 8, 2008, Decision Letter

On February 8, 2008, respondent mailed to petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter) and attached a "Summary and Recommendation" prepared by Mr. Payton and signed by his group manager, Dewayne Turk. The decision letter states that "Appeals sustains the issuance of the levy." As grounds for sustaining the levy, the Summary and Recommendation sets forth Mr. Payton's conclusions that (1) both petitioner and the co-owner of Twenty Four Seven "had an active role in the financial aspects of the business", (2) petitioner "had signatory authority, exercised this authority, and had knowledge that the payroll [was] not being paid for * * * [the periods in issue]", and (3) petitioner "was willful and responsible since he had a fiduciary responsibility to ensure the payroll taxes were paid prior to paying other creditors."

Events Leading Up to the CDP Hearing With Settlement Officer Ezechial Meza

On November 12, 2008, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6230 (lien filing notice), with respect to petitioner's unpaid, assessed responsible person penalties in the amounts and for the periods set forth at the outset of this report. The same

amounts for the same periods had been addressed by Mr. Payton in the November 13, 2007, equivalent hearing.

On December 2, 2008, respondent received a timely Form 12153 (CDP lien hearing request), submitted by petitioner in response to the lien filing notice. In the CDP lien hearing request, petitioner states his reason that the lien should be withdrawn: "No determination was ever made that taxpayer was the responsible person liable for the company taxes. Revenue officer never issued a decision in the case."

The CDP Hearing With Settlement Officer Ezechial Meza

On May 12, 2009, Settlement Officer Ezechial Meza conducted a CDP hearing by telephone with petitioner and Messrs. Donahoe and Hamrick. During that hearing, Mr. Hamrick argued that Mr. Payton had agreed to render a decision favorable to petitioner but that he never received a decision letter to that effect from Mr. Payton. Mr. Meza advised the three men that petitioner could not raise challenges to his underlying liability for the assessed responsible person penalties as he had already had a prior opportunity to do so before Mr. Payton; also, because petitioner did not seek collection alternatives, he, Mr. Meza, would not withdraw the lien.

The November 6, 2009, Notice of Determination

On November 6, 2009, respondent sent to petitioner, by certified mail, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the lien. The notice of determination reiterates Mr. Meza's conclusion, at the CDP telephone hearing, that petitioner was precluded from challenging his underlying liability because he had had a prior opportunity to do so during the November 13, 2007, meeting with Mr. Payton (erroneously referred to as a November 13, 2008, meeting), and that his choice not to pursue collection alternatives would result in respondent's sustaining the lien. The notice of determination also notes that Mr. Meza told Mr. Hamrick how he could get a copy of Mr. Payton's decision letter, which petitioner claimed not to have received. Lastly, the notice of determination states that Mr. Meza had obtained verification that the requirements of any applicable law or administrative procedure had been met. See sec. 6330(c)(1).

On November 30, 2009, petitioner filed a petition with this Court asking that we set aside and reverse respondent's determination.

## OPINION

### I. The Parties' Arguments

The sole issue identified by the parties for our decision is whether Mr. Meza abused his discretion by sustaining respondent's lien without affording petitioner an opportunity to contest his liability for the assessed section 6672 responsible person penalties.[8]

Petitioner argues that, because he never received the Letter 1153 from Mr. Fluharty, he did not receive proper notice of the proposed assessment of the responsible person penalties, which rendered the subsequent assessment invalid. For that reason, petitioner claims, Mr. Payton agreed to "throw out" the Letter

---

[8]Despite the parties' agreement at trial that that is the only issue in this case, petitioner alleges on brief that Mr. Payton did not meet the requirements of applicable law or administrative procedure as required under sec. 6330(c)(1). In particular, petitioner focuses on the levy notice, a copy of which is not in the file compiled by Mr. Payton during his consideration of the CDP levy hearing request, but which petitioner concedes is indicated in the "IRS activity records" considered by Mr. Payton during his consideration of the levy hearing request (viz, the Forms 4340, Certificate of Assessments, for the relevant tax periods). Both Mr. Payton's record of his activity and the Forms 4340 show that the levy notice was mailed to petitioner on October 23, 2004. As we have repeatedly held, a Form 4340 or a computer printout of a taxpayer's transcript of account, absent a showing of irregularity, provides sufficient verification of the amounts or actions reflected therein to satisfy the requirements of sec. 6330(c)(1). See, e.g., Davis v. Commissioner, 115 T.C. 35, 40-41 (2000); Tornichio v. Commissioner, T.C. Memo. 2002-291. If petitioner is attempting to introduce another issue, it is without merit.

1153 and remand the case to Mr. Fluharty for a determination as to whether petitioner was a responsible person under section 6672. Petitioner further argues that, because that meeting with Mr. Fluharty never occurred, and because petitioner never received a notice of equivalent hearing or, in fact, participated in an equivalent hearing, he has not been afforded an opportunity to dispute his underlying liability, as required by section 6330(c)(2)(B). He asks that we remand the case to respondent "for a full and complete hearing on the question of whether * * * [petitioner] is a responsible person under the statute."

Respondent argues that (1) the face-to-face meeting with Mr. Payton constituted an equivalent hearing, (2) during that meeting, Mr. Payton discussed with petitioner his liability for the assessed responsible person penalties, (3) that meeting afforded petitioner a "meaningful opportunity" to dispute that liability, and (4) on the evidence before him, Mr. Payton determined that respondent's assessment of responsible person penalties under section 6672 was proper. Therefore, respondent argues that Mr. Meza "correctly determined petitioner had a prior opportunity to dispute his underlying * * * [responsible person] penalty liabilities during his CDP Levy Hearing with Settlement Officer Payton which precluded petitioner from disputing the same * * * liabilities during his CDP Lien Hearing with Settlement Officer Meza."

II. Applicable Law

    A. The Section 6672 Penalty:  Need for Preliminary Notice

Section 6672 imposes a penalty against persons who are required, but willfully fail, to collect, account for, and pay over employee income and employment taxes, so-called responsible persons.  See, e.g., Erwin v. United States, 591 F.3d 313, 320 (4th Cir. 2010).  The penalty is equal to the total amount of the tax evaded, not collected, not accounted for, or not paid over.  See sec. 6672(a).  Before the Commissioner may assess a section 6672 penalty, he must mail a preliminary notice (here, the Letter 1153) "to an address as determined under section 6212(b)", i.e., to the responsible person's last known address (or he may deliver the notice in person),[9] advising of the proposed assessment of a section 6672 penalty.  Sec. 6672(b)(1).  Unless collection of the penalty is in jeopardy (not alleged to be a circumstance herein), notification given by mail (or delivered in person) to the taxpayer of the proposed assessment is a prerequisite to--and all that is necessary to establish--the Commissioner's right to assess the penalty.  See

_____

    [9]The "in person" alternative means of notification is just that, an alternative to notification by mail to the taxpayer's last known address, which was added in 1998 by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 3307, 112 Stat. at 744.  Therefore, the statute permits the Commissioner to choose which method to use and does not require the Commissioner to ensure the taxpayer's actual receipt of the notice.  See Mason v. Commissioner, 132 T.C. 301, 322-323 (2009).

Mason v. Commissioner, 132 T.C. 301, 322-323 (2009). Actual receipt of the Letter 1153 is not required to support such assessment. Id. The Commissioner may issue notice and demand for and assess the penalty 60 days after notification under section 6672(b)(1), during which period the taxpayer may appeal the proposed assessment and request an Appeals conference. See sec. 6672(b)(2); Rev. Proc. 2005-34, 2005-1 C.B. 1233, 1234-1235. In that event, the limitations period on assessment of the penalty will not expire until 30 days after the Commissioner's final determination regarding the appeal. Sec. 6672(b)(3)(B).

B. Collection Procedure

Section 6321 imposes a lien for unpaid Federal taxes. The lien arises when an assessment is made. Sec. 6322. Section 6323 provides that the lien imposed by section 6321 is not valid against certain persons until notice thereof is filed in accordance with rules provided.

Section 6320(a) provides that, after the Commissioner has filed the required notice, the Commissioner must notify the taxpayer of the fact of the filing and, among other things, the taxpayer's right to request a hearing (CDP hearing). Under section 6320(a)(3)(B) (or, in the case of a notice of levy, under section 6330(a)(3)(B)) a 30-day period is provided during which the taxpayer may request the CDP hearing. If the taxpayer timely requests a CDP hearing, the CDP hearing

is to be conducted by Appeals, and the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1).

The taxpayer requesting the CDP hearing may raise "any relevant issue" relating to the unpaid tax or the Commissioner's collection action. Sec. 6330(c)(2)(A). The taxpayer "may also raise at the hearing challenges to the existence or amount of the underlying tax liability" if the taxpayer did not receive any statutory notice of deficiency for, or did not otherwise have an opportunity to dispute, such tax liability. Sec. 6330(c)(2)(B). The taxpayer may not raise "an issue" that "was raised and considered" at a previous hearing or proceeding if the taxpayer "participated meaningfully in such hearing or proceeding". Sec. 6330(c)(4).

Following the CDP hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the CDP hearing, and whether the collection action "balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). We have jurisdiction to review such determinations. Sec. 6330(d)(1). Where the underlying tax liability is properly at

issue, the taxpayer is entitled to a de novo hearing in this court.  E.g., Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying tax liability is not properly at issue, we review the determination for abuse of discretion.  Id. at 182.

The Commissioner will offer to a taxpayer who requests a CDP hearing after the expiration of the 30-day period provided therefor an equivalent hearing, which, as the name implies, is similar in many ways to a CDP hearing.  See secs. 301.6320-1(c)(2), Q&A-C7, (i), 301.6330-1(c)(2), Q&A-C7, (i), Proced. & Admin. Regs.  In such cases, Appeals will issue a decision letter rather than a notice of determination, as in the case of the CDP hearing.  Secs. 301.6320-1(i)(1), 301.6330-1(i)(1), Proced. & Admin. Regs.  The taxpayer may not obtain Tax Court review of an adverse decision letter.  Secs. 301.6320-1(i)(2), Q&A-16, 301.6330-1(i)(2), Q&A-16, Proced. & Admin. Regs.

III.  Analysis

A.  Respondent's Compliance With Section 6672(b)

It is undisputed that (1) on or about June 3, 2004, Mr. Fluharty sent petitioner by certified mail to his actual address the Letter 1153, (2) the Letter 1153 was signed for by Ms. Bowles, a receptionist at petitioner's building, and (3) on August 23, 2004, after the expiration of the 60-day period required by section

6672(b)(2) before notice and demand for payment (and assessment) of the section 6672 penalties is permitted, respondent assessed the penalties. Petitioner testified that Ms. Bowles never gave him the letter and that he did not see it until after respondent's June 14, 2006, notice of levy on amounts payable to him by a third party.

As noted above, actual receipt of the Letter 1153 is not required to support a valid assessment of the section 6672 responsible person penalty. The mailing of the Letter 1153 to petitioner's "last known address" (in this case, his acknowledged actual address) was sufficient to advise petitioner of the proposed assessment and to support the assessment of the penalty after expiration of the requisite 60-day period. See Mason v. Commissioner, 132 T.C. at 322-323; see also Hickey v. Commissioner, T.C. Memo. 2009-2.

For purposes of section 6330(c)(2)(B), however, actual receipt of the Letter 1153 (which advises the taxpayer of his right to appeal the proposed assessment and request an Appeals conference), unless avoided by the taxpayer's deliberate refusal to receive the letter, generally would be required if that letter is to be considered as having provided a prior opportunity to dispute the underlying section 6672 liability. Mason v. Commissioner, 132 T.C. at 318; see also Swanton v. Commissioner, T.C. Memo. 2010-140; Barry v. Commissioner, T.C. Memo. 2010-57. In this case,

actual receipt of the Letter 1153 was unnecessary for purposes of section 6330(c)(2)(B) because, for the reasons discussed in the immediately following section III.B., we find that petitioner's meeting with Mr. Payton afforded him a prior opportunity to dispute his underlying liability for the assessed responsible person penalties.[10]

B.  The Meeting With Mr. Payton

At trial, both petitioner and Mr. Donahoe testified that (1) neither of them received a notice that the November 13, 2007, meeting with Mr. Payton was to be an equivalent hearing, (2) Mr. Payton never referred to their meeting with him as an equivalent hearing, and (3) at the meeting, Mr. Payton agreed that the Letter 1153 that had been mailed to petitioner would be "thrown out" because petitioner had not actually received it, and that he would send the matter back to Mr. Fluharty for a determination as to petitioner's status as a responsible person.  That testimony is contradicted by Mr. Payton's testimony and by the documentary evidence.

---

[10]Therefore, we need not, and do not, consider whether delivery of the Letter 1153 to petitioner's address or its acceptance by Ms. Bowles, a receptionist at petitioner's building, constituted receipt by petitioner for purposes of sec. 6330(c)(2)(B).

Mr. Payton did not recall saying that he would "throw out" the Letter 1153. He further testified that the meeting was scheduled as an equivalent hearing, that, during the meeting, he permitted petitioner to challenge his section 6672 liability, reviewed the trust fund file, and requested more information, which was not forthcoming, and that, on the basis of the information he had, he sustained the assessments.

Mr. Payton's testimony is corroborated by the documentary evidence consisting of (1) the August 17, 2007, letter to petitioner responding to his untimely CDP levy hearing request and specifically offering him an equivalent hearing,[11] (2) Mr. Payton's contemporaneous notes of the subsequent face-to-face hearing with petitioner and Messrs. Donahoe and Hamrick, in which he stated that he "went over the Trust Fund issue" and concluded the hearing by "stating that without any additional information * * * [he would] sustain the * * * [assessments]", and (3) the February 8, 2008, decision letter sustaining the issuance of the levy, for

---

[11]At trial, petitioner denied receiving any document stating that there was going to be an equivalent hearing. Even if true, that fact is of no consequence. Because the August 17, 2007, letter was mailed to petitioner's last known (and, in fact, correct) address, it constituted sufficient notice to petitioner of its contents. See Kasper v. Commissioner, 137 T.C. 37, 42-43 (2011), in which we held that, in the absence of either statutory or administrative guidance as to when and how a communication by the Commissioner had to be sent (in that case, a final determination of denial of a whistleblower claim), mailing the communication to the intended recipient's last known address is sufficient.

the most part, because Appeals rejected, for lack of support, petitioner's arguments, made during the face-to-face hearing, that "he didn't meet the criteria for responsibility or willfulness for the non-payment of * * * [Twenty Four Seven's] payroll taxes as his duties consisted of occasionally checking on the financial aspects of the store."

We find on a preponderance of the evidence that Mr. Meza did not abuse his discretion in determining that the face-to-face meeting with Mr. Payton constituted an equivalent hearing within the meaning of section 301.6320-1(i)(1), Proced. & Admin. Regs., and that that meeting afforded petitioner "an opportunity to dispute" his section 6672 liability for the assessed responsible person penalties within the meaning of section 6330(c)(2)(B). See section 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs., which provides, in pertinent part, as follows:

> Q-E2. When is a taxpayer entitled to challenge the existence or amount of the tax liability specified in the CDP Notice?
>
> A-E2. A taxpayer is entitled to challenge the existence or amount of the underlying liability for any tax period specified on the CDP Notice if the taxpayer did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute such liability. * * * <u>An opportunity to dispute the underlying liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability</u>. An opportunity for a conference with Appeals prior to the assessment of a tax subject to deficiency procedures is not a prior opportunity for this purpose. [Emphasis added.]

The emphasized sentence makes clear that petitioner's postassessment equivalent hearing at Appeals (with Mr. Payton), during which petitioner had an opportunity to (and did in fact) raise the issue of his underlying liability for the section 6672 penalties, precluded him, pursuant to section 6330(c)(2)(B), from raising that issue during his CDP hearing with Mr. Meza.

We held the foregoing regulation to be valid in Lewis v. Commissioner, 128 T.C. 48, 61 (2007), and concluded:  "A conference with the Appeals Office provides a taxpayer a meaningful opportunity to dispute an underlying tax liability."[12]

_____

[12]As in Lewis v. Commissioner, 128 T.C. 48 (2007), respondent does not specifically rely on sec. 6330(c)(4) to preclude petitioner from raising the issue of his underlying liability.  In support of his position, however, he does refer to the rule in that section that a taxpayer at a CDP hearing may not raise "an issue" that was "raised and considered at a previous [CDP] hearing" if the taxpayer "participated meaningfully" in the previous hearing, citing sec. 301.6320-1(e)(1), Proced. & Admin. Regs., which, in part, restates that rule.  Because the Commissioner in Lewis v. Commissioner, 128 T.C. at 52, did not rely on sec. 6330(c)(4), we decided that case solely on the basis of sec. 6330(c)(2)(B). Although sec. 6330(c)(4) appears to be broad enough to encompass the issue of a taxpayer's underlying liability, in Lewis v. Commissioner, 128 T.C. at 52 n.4, we noted the Commissioner's position, expressed in a Chief Counsel Notice, that he would restrict his reliance on sec. 6330(c)(4) "to non-liability issues."  See Chief Counsel Notice CC-2003-016 at 20 (May 29, 2003).  Our decision in Lewis is consistent with a subsequent Memorandum Opinion of the Court and inconsistent with a prior one.  See Daniel v. Commissioner, T.C. Memo. 2009-28 (stating that sec. 6330(c)(2)(B) addresses the issue of underlying tax liability whereas sec. 6330(c)(4) "addresses any other issue that is raised in a section 6320 or 6330 proceeding"); Wooten v. Commissioner,
(continued...)

## IV. Conclusion

Respondent's determination not to withdraw the lien is sustained.[13]

An appropriate order and

decision will be entered.

---

[12](...continued)
T.C. Memo. 2003-113 (holding that the taxpayer was precluded from raising the issue of her underlying tax liability by both sec. 6330(c)(4) and (2)(B)). Because respondent does not specifically rely on sec. 6330(c)(4), we decline to resolve that apparent inconsistency. We note, however, that in any case involving the issue of the taxpayer's underlying liability where the taxpayer has "participated meaningfully" in a hearing on the issue, thereby triggering the potential application of sec. 6330(c)(4), sec. 6330(c)(2)(B) will also apply a fortiori. Therefore, it seems that the former will always be a superfluous means of blocking consideration of that issue at a subsequent Appeals hearing.

[13]Even though petitioner's prior opportunity at Appeals to dispute his sec. 6672 liability precluded him from being entitled to dispute that liability at his subsequent CDP hearing and, hence, precluded our de novo review of that liability, it would be relatively easy for a similarly situated taxpayer to effectively obtain a prepayment judicial review of a sec. 6672 penalty assessment in a refund suit. At the time it announced the full-payment prerequisite for refund litigation, the U.S. Supreme Court observed that "excise tax deficiencies may be divisible into a tax on each transaction or event, and therefore present an entirely different problem with respect to the full-payment rule", Flora v. United States, 362 U.S. 145, 170 n.37 (1960); and the courts have thereafter held that the sec. 6672 penalty is divisible, so that a taxpayer may litigate the penalty after having paid an amount corresponding to the tax withheld from a single employee. See, e.g., Davis v. United States, 961 F.2d 867, 870 n.2 (9th Cir. 1992). Thus, if a taxpayer pays the divisible tax for just one employee, he can file a claim for refund and can litigate that claim if the Commissioner does not grant it.