T.C. Memo. 2017-207

UNITED STATES TAX COURT

WENDELL C. ROBINSON AND MAY T. JUNG-ROBINSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25105-12L.                    Filed October 19, 2017.

        Ps, in this collection due process case, ask us to review a
determination by the IRS Appeals Office sustaining a notice of
proposed levy to collect unpaid income tax.

        <u>Held</u>:  R initially applied a credit offset from a tax year not
before us in this case to eliminate Ps' unpaid prior year liability for a
year before us.  R reversed that credit upon determining that Ps had
not in fact overpaid their subsequent year tax.  We lack jurisdiction
over Ps' claim to a credit from the year not before us.

        <u>Held</u>, <u>further</u>, no statutory notice of deficiency was required
before R could assess and take action to collect Ps' unpaid tax
resulting from their mathematical and clerical errors and from their
overstatements of estimated tax; likewise with respect to additions to
tax and interest.

**[*2]** <u>Wendell C. Robinson</u>, for petitioners.

<u>Erin R. Hines</u>, <u>William J. Gregg</u>, <u>Bartholomew Cirenza</u>, and <u>Andrew K. Glover</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  This case is before us to review a determination and a supplemental determination (sometimes, without distinction, determination) by the Internal Revenue Service (IRS) Appeals Office (Appeals) that the Secretary's proposed levy with respect to petitioners' unpaid 2003 and 2007 Federal income tax should stand.  Petitioners have assigned error to the determination, and respondent denies any error.  We review the determination pursuant to section 6330(d)(1).[1]  We will sustain the determination.

---

[1]Unless otherwise stated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

**[*3]**                    FINDINGS OF FACT[2]

Petitioners resided in Washington, D.C., when they filed the petition. The

parties have stipulated certain facts and the authenticity of certain documents. The

facts stipulated are so found, and documents stipulated are accepted as authentic.

---

[2]At the outset, we note that, at the conclusion of the trial in this case, the Court set a schedule for opening and answering briefs. Rule 151(e) addresses the form and content of briefs and, by Rule 151(e)(3), specifies that, among other things, proposed findings of fact, based on the evidence, shall be set forth in an opening brief in the form of numbered statements accompanied by a reference to the pages of the transcript or the exhibits or other sources relied on to support the statement. Rule 151(e)(3) further specifies that, in an answering brief, a party shall set forth any objections, together with the reasons therefor, to any proposed findings of any other party. Petitioners submitted an opening brief but no answering brief. They did not in their brief set forth proposed findings of fact in conformity with Rule 151(e)(3). They included in the brief a section entitled "Statement Of The Facts Relevant To The Issues Presented For Review" (fact section). The fact section does not include numbered paragraphs. With few exceptions, the statements petitioners include in the fact section do not include references to the pages of the transcript or the exhibits or other sources relied on to support them. Many of the statements are recitals of testimony and discussions or arguments relating the evidence to the law. Respondent objects to the fact section. We will not disregard the fact section to the extent that we can identify factual statements therein supported by the record. Since, however, petitioners did not submit an answering brief, we assume that they have no objection to respondent's proposed findings of fact. We therefore conclude that respondent's proposed findings are correct except to the extent that they are clearly inconsistent with other evidence in the record or are contradicted by respondent's arguments. See, e.g., Jonson v. Commissioner, 118 T.C. 106, 108 n.4 (2002), aff'd, 353 F.3d 1181 (10th Cir. 2003); Bland v. Commissioner, T.C. Memo. 2012-84, 2012 WL 967651, at *1 n.3.

**[*4]** <u>Petitioners' 2003 Return</u>

Petitioners made a joint return of income for their 2003 taxable (calendar) year on IRS Form 1040, U.S. Individual Income Tax Return. Respondent examined that return and, during the course of the examination, before expiration of the period for assessing tax for 2003, petitioners extended the time to assess tax for 2003 until April 30, 2009. In June 2008, respondent mailed to petitioners a statutory notice of deficiency (2003 statutory notice) determining a deficiency in their 2003 income tax of $47,490, a section 6651(a)(1) addition to tax of $1,510 for failure to timely file their 2003 return, and a section 6662(a) accuracy-related penalty of $8,393. The 2003 statutory notice explained in detail respondent's adjustments to petitioners' 2003 return. Petitioners did not receive the 2003 statutory notice and thus did not petition the Tax Court for redetermination of the deficiency.

<u>Petitioners' 2007 Return</u>

In July 2009, petitioners made a joint return of income for 2007 on Form 1040. In October 2009, respondent sent petitioners a Notice CP23, We Changed Your Estimated Tax Total--You Have an Amount Due, informing them of corrections to their 2007 Form 1040 on account of errors in their reporting of estimated tax payments and on account of their mathematical and clerical errors.

[*5] The notice also informed petitioners of the amount of interest due and of the amounts of penalties both for late filing of their 2007 Form 1040 and for late payment of the tax due. The notice stated that, on account of the adjustments and interest and penalties, petitioners owed $17,191. By letter to the IRS dated October 24, 2009, petitioners acknowledged receipt of the Notice CP23 and questioned respondent's adjustment reducing their credit for estimated tax payments. Petitioners insisted that their 2007 return was correct and asked for a further explanation if respondent disagreed.

In December 2009, respondent mailed petitioners a statutory notice of deficiency (2007 statutory notice) determining a deficiency in their 2007 income tax of $2,076 and a section 6651(a)(1) addition to tax of $1,195 for failure to timely file their 2007 return. Petitioners received the 2007 statutory notice but did not petition the Tax Court in response for redetermination of the deficiency.

Levy Notice; Request for Collection Due Process (CDP) Hearing

In May 2010, respondent sent petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) to collect unpaid income tax and penalties and interest of $89,803 and $21,760 for tax years 2003 and 2007, respectively. In response, petitioners timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioners did not on the Form

**[\*6]** 12153 check a box stating as the basis for requesting relief from the proposed levy that they sought a collection alternative of "Installment Agreement" or "Offer in Compromise".  They stated only:  "We do not owe the taxes for those years: 2003 * * * and 2007."

The Initial Determination

In December 2010, Appeals sent petitioners a letter acknowledging receipt of their request for a CDP hearing.  In February 2011, in response to a letter from Appeals scheduling a telephone conference, petitioners requested a face-to-face conference and stated that they would not be prepared to go forward with any hearing until the IRS sent them information substantiating that their 2003 and 2007 returns were incorrect and explaining how the deficiencies in tax were determined.

Petitioners' case was assigned to Settlement Officer (SO) Michael Edwards to conduct their CDP hearing.  On June 1, 2011, SO Edwards sent petitioners a letter containing a copy of the 2003 statutory notice.  Shortly thereafter, SO Edwards and petitioner husband met for petitioners' CDP hearing.  Petitioners did not at the hearing seek to challenge their underlying tax liability for 2007.  In September 2012, Appeals sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 of the Internal Revenue

[*7] Code (initial determination). The initial determination, signed by Appeals Team Manager Darryl Lee, informed petitioners that Appeals had determined that all legal and administrative procedures had been followed in issuing the levy notice and that it would sustain the proposed levy. Enclosed with the initial determination is an attachment that we assume to be a memorandum by SO Edwards justifying and explaining the initial determination. SO Edwards, addressing petitioners' grounds for requesting a CDP hearing (i.e., they did not owe the tax), stated that, for 2003, the balance giving rise to the levy notice was the result of assessment of the 2003 statutory notice amounts but that they could not challenge their liability for that balance because they had overpaid their 2009 Federal income tax and respondent had eliminated the 2003 balance by crediting a portion of the 2009 overpayment against it. Since their 2003 liability had been satisfied, SO Edwards explained, the proposed levy was unnecessary.

With respect to 2007, SO Edwards stated the following. The balance giving rise to the levy notice was the result of (1) insufficient withholding, (2) assessment of the 2007 statutory notice amounts, and (3) correction of the multiple math errors set forth in the Notice CP23. Petitioners were not entitled to raise at their CDP hearing their liability for the 2007 statutory notice amounts because they had received the 2007 statutory notice. He had verified that a notice of mathematical

[*8] error (Notice CP23) had been sent to petitioners for the mathematical errors in the return. Petitioner husband had said to him that he did not want to challenge his liability for 2007 and wanted to pay it in full, and, to that end, SO Edwards had sent to him a transcript and correspondence showing the balance for 2007, giving petitioners until August 28, 2012, to make payment. Petitioners did not make the promised payment. SO Edwards concluded that, for the reasons stated, and because petitioners were not in compliance with return filing requirements for 2010 and 2011, Appeals had determined that the proposed levy balanced the need for efficient collection of taxes with their legitimate concern that any collection action be not more intrusive than necessary.

Subsequently, on October 1, 2012, petitioners sent SO Edwards a letter in which they confirmed that they were not challenging their 2007 tax liability and insisting that, after filing their 2007 return, they paid an additional $23,105, "which represented the entire amount that we owed for our 2007 taxes." They asked for an updated statement of their 2007 tax liability. SO Edwards responded on October 11, 2012, by sending petitioners an account transcript (a copy of which he had already sent) highlighting receipt of the $23,105, posted as having been received on July 8, 2009, and paid with their 2007 return. The transcript shows that the $23,105 payment did not fully pay petitioners' 2007 tax.

**[*9]** <u>Credit Reversed</u>

In August 2011, respondent notified petitioners that his determination that they had overpaid their 2009 tax--resulting in the credit that had offset and eliminated their 2003 liability--had been incorrect because of petitioners' error in reporting income tax withholding on their 2009 Form 1040.

In February 2012, petitioners filed a refund suit in the U.S. District Court for the District of Columbia, seeking refund of the purported 2009 overpayment. In 2013, the District Court dismissed the suit for lack of jurisdiction, finding that there was no 2009 overpayment and that, indeed, petitioners had underpaid their 2009 tax.

<u>The Petition</u>

In October 2012, we filed the petition. By the petition, petitioners dispute the $47,490 deficiency for 2003 determined by respondent. They dispute any liability for 2007 "because they paid their taxes for 2007". They assign the following errors to the initial determination.

(1)   The Tax Court lacks jurisdiction over petitioners' 2003 tax liability because SO Edwards conceded that the IRS had no evidence that it sent the 2003 statutory notice to them.

(2)   The Tax Court lacks jurisdiction over petitioners' 2003 tax liability because the issue of their 2003 tax liability is being litigated in the U.S. District Court for the District of Columbia.

[*10] (3)    The Tax Court lacks jurisdiction over petitioners' tax liability for 2007 because they have paid their 2007 tax and the initial determination does not indicate what amount, if any, respondent alleges they owe.

The Remand

In September 2015, we ordered this case remanded to Appeals on respondent's representation that, because of a series of errors in petitioners' 2009 tax return, respondent had erroneously deemed their 2003 tax liability satisfied by a credit offset resulting from their overpayment of their 2009 tax. On remand, petitioners would have the opportunity, which they previously had been denied, to raise their underlying liability for tax for 2003.

SO Edwards was assigned the case on remand. On January 28, 2016, petitioner husband attended a conference with him for which SO Edwards had requested petitioners to provide documentation showing that they did not owe the tax for 2003 that respondent had determined that they owed. At that conference SO Edwards again provided petitioners (i.e., petitioner husband) with a copy of the 2003 statutory notice. At the conference, petitioner husband provided no documents and stated only: (1) respondent could not establish that the 2003 statutory notice had been sent to him; (2) the 2003 statutory notice, if issued, was issued after the period of limitations for assessment had expired; and (3) the credit

**[*11]** respondent initially made on the basis of an overpayment from tax year 2009 applied.

The Supplemental Determination

In June 2016, Appeals sent petitioners a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (supplemental determination) determining that (1) the assessment for tax year 2003 was valid and sustained and (2) the levy notice was issued correctly. SO Edwards' explanation accompanied the supplemental determination. He stated the following. He had verified that the requirements of any applicable law or administrative procedure were met. He had confirmed the validity of the assessment of a $47,490 deficiency in tax for 2003; i.e., that petitioners had extended the period of limitations until after the 2003 statutory notice was sent and that the 2003 statutory notice was, indeed, sent to them. He had given petitioners time to provide information about their 2003 liability, but they had not provided any information. He concluded that the proposed levy balanced the efficient collection of taxes with petitioners' legitimate concern that the collection action be no more intrusive than necessary and that respondent could proceed with the proposed levy to collect their 2003 unpaid tax.

**[*12]**                                    OPINION

I.      Introduction

Section 6330 entitles a taxpayer to notice and the opportunity for a hearing before the Secretary proceeds by levy to collect an unpaid tax. If the taxpayer requests a hearing in response to a levy notice, he may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy", including challenges to the appropriateness of the levy and collection alternatives such as an installment agreement or an offer-in-compromise. Sec. 6330(c)(2)(A). He may also challenge the existence or amount of the underlying tax liability if he did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute the tax liability.

Following the hearing, the Appeals officer conducting the hearing must determine whether the collection action is to proceed, taking into account his verification of the Secretary's compliance with "the requirements of any applicable law or administrative procedure", the issues raised by the taxpayer at the hearing, and whether the collection action "balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c). As stated, we have jurisdiction to review such determinations. See sec. 6330(d)(1). When we remand

[*13] a case and Appeals issues a supplemental determination, we review the determination as supplemented. E.g., LG Kendrick, LLC v. Commissioner, 146 T.C. 36 (2016), aff'd, 684 F. App'x 744 (10th Cir. 2017).

Where the underlying tax liability is properly at issue, we review the determination de novo. E.g., Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182. In reviewing for abuse of discretion, we must uphold the Appeals officer's determination unless it is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

With rare exception, we do not have authority to consider issues not raised before Appeals. See, e.g., Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Magana v. Commissioner, 118 T.C. 488, 493-494 (2002); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Thus, a taxpayer is precluded from raising the underlying tax liability in a judicial proceeding to review a CDP determination if the taxpayer failed properly to raise the liability during the CDP hearing. Giamelli v. Commissioner, 129 T.C. at 112-116. Moreover, the underlying liability is not properly raised if the taxpayer raises the

[*14] underlying liability but fails to present Appeals with any evidence regarding the liability after being given reasonable opportunity to do so.  E.g., Anderson v. Commissioner, T.C. Memo. 2016-211, at *19; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

II.    Tax Year 2003

In the argument section of their brief, petitioners state that certain facts are undisputed:  (1) that respondent sent them a statutory notice of deficiency for tax year 2003; (2) that they requested a CDP hearing; (3) that the parties held two CDP conferences, one in June 2011, and one on January 28, 2016; (4) that they requested documentation from respondent related to the 2003 deficiency; (5) that respondent did not provide them any documents between June 2011 and November 28, 2016, in response to this request; (6) that they alleged they correctly calculated their 2003 tax; and (7) that they received a refund.  On the basis of those alleged facts, petitioners argue:  "Respondent's failure to provide those documents makes the due process meeting a useless endeavor and warrants holding any decision on the Petitioners' liability, as to the allegations, in the notice of deficiency, pending the Respondent's compliance with their documents request."

[*15] Respondent takes exception to petitioners' fifth, sixth, and seventh alleged facts. The parties have stipulated, and we have found, that SO Edwards sent petitioners a letter on June 1, 2011, which contained a copy of the 2003 statutory notice. Moreover, on January 28, 2016, at the conference Appeals held following our remand of the case to Appeals, SO Edwards handed petitioner husband another copy of the 2003 statutory notice. There is no merit to petitioners' claim that respondent failed to provide them with an explanation of his adjustments to their 2003 tax return that led to his determination of deficiency in their 2003 Federal income tax.

Petitioners' claim that they correctly calculated their 2003 tax liability is unsupported by any evidence. Respondent determined a deficiency in their 2003 tax, and the Court remanded this case specifically to allow petitioners the opportunity to raise their underlying liability for tax year 2003. During the hearing that Appeals accorded them on remand, petitioners would discuss only: (1) the issuance of the 2003 statutory notice; (2) the timeliness of that notice; and (3) the effect that the purported overpayment from tax year 2009 had on their 2003 account. Petitioners offered no evidence that their liability for tax (or the addition to tax or penalty) was any less than respondent determined. They offered no evidence to refute that they had extended the period of limitations to assess tax for

**[*16]** 2003 until April 30, 2009, which is after the date June 13, 2008, on which respondent mailed them the 2003 statutory notice. Moreover, they now concede that respondent did, in fact, send them the 2003 statutory notice. Because petitioners did not properly raise their underlying liability for tax year 2003 before Appeals, we lack authority to consider that liability here.

Nor may we consider the argument that petitioners put forward when this case was remanded to Appeals that their purported 2009 overpayment of tax fully paid their 2003 liability. Respondent initially deemed petitioners' 2003 tax liability satisfied by a credit offset resulting from their overpayment of their 2009 tax. But respondent reversed that decision upon discovering that the supposed overpayment resulted from a series of errors on petitioners' 2009 return. Petitioners' 2009 tax liability is not before us in this CDP proceeding--dealing with a levy notice for 2003 and 2007--and we lack jurisdiction over their claim to a credit for a year not before us. See Weber v. Commissioner, 138 T.C. 348, 362-372 (2012). Moreover, we note that the District Court found that petitioners had not overpaid their 2009 tax, and, indeed, had underpaid it.

We find no error in Appeals' supplemental determination to sustain the levy notice so far as in pertains to petitioners' 2003 unpaid tax liability.

[*17] III.     Tax Year 2007

Petitioners' argument with respect to 2007 appears to relate to the Notice CP23 that respondent sent them in October 2009 informing them of corrections to their 2007 Form 1040 on account of their errors in reporting estimated tax payments and on account of their mathematical and clerical errors.  The notice stated that, on account of those adjustments and interest and penalties, petitioners owed $17,191.  On brief, petitioners argue that, because respondent did not send them a statutory notice of deficiency notifying them that they owed that amount, he is prevented from collecting it.  Petitioners are mistaken.

While in general section 6213(a) restricts the Secretary from assessing or taking action to collect any deficiency in tax until after he has mailed the taxpayer a statutory notice of deficiency, section 6213(b)(1) provides an exception for assessments arising out of the taxpayer's mathematical or clerical errors.  The Secretary need not issue a statutory notice before assessing a tax when a "taxpayer is notified that, on account of a mathematical or clerical error appearing on the return, an amount of tax in excess of that shown on the return is due, and that an assessment of the tax has been or will be made on the basis of what would have

[*18] been the correct amount of tax but for the mathematical or clerical error".[3] See sec. 6213(b)(1). If, however, the taxpayer requests abatement of the assessment within 60 days of the notice of mathematical or clerical error, the Secretary must abate the assessment and must use deficiency procedures to reassess. Sec. 6213(b)(2)(A).

Similarly, section 6201(a)(3) authorizes the Secretary to assess any payment amount overstated as estimated income tax "in the same manner as in the case of a mathematical or clerical error." However, the Secretary does not have to abate the assessment and use deficiency procedures, as he would under section 6213(b)(2)(A) if the taxpayer objects to the notice of the assessment. Sec. 6201(a)(3).

Under section 6665(b), the Secretary is authorized to summarily assess additions to tax under section 6651 for late filing of a return and for failure to pay the amount shown on the return. See Gray v. Commissioner, 140 T.C. 163, 169-170 (2013). Finally, interest is not generally subject to deficiency proceedings. Sec. 6601(e).

On October 24, 2009, petitioners sent respondent a letter regarding the Notice CP23. Petitioners' only objection in this letter was to the adjustment of the

_____

[3]The term "mathematical or clerical error" is defined in sec. 6213(g).

[*19] amount of the estimated tax payments made. Such adjustment is not subject to the deficiency procedures and therefore does not require the issuance of a statutory notice of deficiency. See sec. 6201(a)(3). No statutory notice was required for the mathematical and clerical error adjustments because petitioners did not object to the assessment of those adjustments. See sec. 6213(b)(1).

After he sent the Notice CP23, respondent issued the 2007 statutory notice. Petitioners have conceded that they are precluded from challenging the adjustments to liability in the 2007 statutory notice.

We find no error in Appeals' determination to sustain the levy notice so far as in pertains to petitioners' 2007 unpaid tax liability.

IV.   Conclusion

We will sustain Appeals' determination to sustain the levy notice.

Decision will be entered

for respondent.