Farrington v. USA v. Buker          CV-94-108-SD  01/18/96 P

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Walter C. Farrington

     v.

United States of America                 Civil No. 94-108-SD

     v.

Scott W. Buker


                            O R D E R


     This order addresses the issues raised by certain pending
pretrial pleadings.


1.  Background

     In this tax refund suit, 26 U.S.C. § 7422,[1] plaintiff Walter
C. Farrington seeks refund of certain federal employment taxes
paid by him for the last three quarters of calendar year 1990.
These taxes were paid in behalf of employees of Veteran Roofing
Corporation, a bankrupt business entity.  Mr. Farrington claims
he is not a "responsible person" within the meaning of 26 U.S.C.

_____

     [1]26 U.S.C. § 7422 sets forth the rules applicable to the
filing of civil suits for federal tax refunds.

§ 6672,[2] and is not therefore liable for the payment of those taxes.

The United States has counterclaimed against Farrington and one Scott W. Buker, contending that they are "responsible persons"[3] under 26 U.S.C. § 6672 and are therefore liable for payment of the taxes thereunder.  Jury trial is scheduled to commence with the selection of a jury on January 23, 1996.

## 2.  Defendant's Motion in Limine, document 22

This motion seeks to preclude Farrington and Buker from including in opening statements, offering in evidence, or in any way seeking to place before the jury any evidence or argument

---

[2]In pertinent part, 26 U.S.C. § 6672 provides,

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to the other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

[3]Within the meaning of § 6672, a "responsible person" is "one who is required to collect, account for, and pay over the taxes."  Thomsen v. United States, 887 F.2d 12, 14 (1st Cir. 1989) (citations omitted).

2

that the United States was obliged to collect its tax liabilities under 26 U.S.C. § 6672 from Veteran Roofing or some other individual.  Turning to proposed Farrington Exhibit 6, a collection of documents concerning certain construction projects,[4] the United States contends such to be irrelevant insofar as the documents are proffered to show that the United States could have collected the employment tax liability from the corporation in or prior to its bankruptcy.

It is well established that the liability imposed by 26 U.S.C. § 6672 is separate and distinct from the employer's liability for trust fund taxes.  Bradley v. United States, 936 F.2d 707, 710 (2d Cir. 1991).  Accordingly, compromise of a claim against a bankrupt corporation does not serve to release the responsible persons from their direct liability under the statute.  Spivak v. United States, 370 F.2d 612, 616 (2d Cir.), cert. denied, 387 U.S. 908 (1967).

The burden placed on Farrington and Buker requires each of them to prove either that he was not a responsible person or that the failure to pay the tax was not willful.  United States v.

---

[4]Farrington Exhibit 6 is described as "correspondence between Veteran Roofing Corp. and ProCon Construction, Inc., regarding various jobs, including in particular the Clock Tower project subcontracted by ProCon to Veteran (to show why ProCon was not paying Veteran Roofing)."

Rexach, 482 F.2d 10, 17 (1st Cir.), cert. denied, 414 U.S. 1039 (1973); IRS v. Blais, 612 F. Supp. 700, 705 (D. Mass. 1985). This burden is not met by proof that another, such as the corporate employer, was in a position to pay the taxes. Indeed, a taxpayer may not enjoin collection attempts made under 26 U.S.C. § 6672 on the ground that collection should first be had from the corporate employer. Kelly v. Lethert, 362 F.2d 629, 635 (8th Cir. 1966).

Accordingly, the motion in limine is herewith granted, and Farrington and Buker are herewith precluded from including in their opening statements, offering in evidence, or in any way seeking to comment or argue to the jury that the United States was obliged to collect its tax liabilities from Veteran Roofing or some other party or parties.

3. Defendant's Objection to Certain Exhibits and Witnesses, document 23

The United States first notes in its objection that, pursuant to its motion in limine, Farrington Exhibit 6 is irrelevant. For the reasons set forth in the ruling on said motion, this objection is herewith granted.

4

The United States next objects to the documents detailed in Farrington Exhibit 8[5] on the ground that such exhibits are irrelevant. This objection is one of merit, for "willfulness" within the meaning of 26 U.S.C. § 6672 "denotes intentional, knowing and voluntary acts" and/or "a reckless disregard for obvious or known risks." Thomsen v. United States, supra, 887 F.2d at 17. Accordingly, liability under this section of the statute does not depend upon the presence of bad motive or the specific intent to defraud the government or deprive it of revenue. Id. (quotations and citations omitted).

As a "reasonable cause" or "justifiable excuse" defense is unavailable under 26 U.S.C. § 6672, Harrington v. United States, 504 F.2d 1306, 1316 (1st Cir. 1974), the proffered documents are irrelevant to the issues to be litigated. The objection is accordingly sustained.

The United States also objects to any testimony from the proposed witnesses John Samenfeld and Barbara Linde because Mr. Farrington failed to disclose their identities in response to interrogatories filed by the United States. As of this late

_____

[5]Farrington Exhibit 8 comprises "correspondence between Veteran Roofing Corp. and ProCon Construction, Inc., regarding various jobs, including in particular the Clock Tower project, subcontracted by ProCon to Veteran (to show why ProCon was not paying Veteran Roofing)."

date, insufficient time is available for the United States to complete discovery with respect to these witnesses and, accordingly, the objection is sustained.


4. Conclusion

For the reasons outlined, the court has granted the motion in limine filed by the United States (document 22), and has also sustained the objections of the United States to certain exhibits and witnesses (document 23). The case is now in order to proceed forward as scheduled with jury selection on January 23, 1996.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 18, 1996

cc: All Counsel