T.C. Memo. 2015-105

UNITED STATES TAX COURT

BAHIG F. BISHAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7537-14L.                    Filed June 4, 2015.

P was the president, sole shareholder, and treasurer of
Company (C).  In 2002 C filed for bankruptcy and P was removed
and replaced by a bankruptcy trustee.  C failed to pay over to R
employment withholding taxes for its employees for two quarters in
2002.  R sent P a Letter 1153 proposing to assess I.R.C. sec. 6672
penalties against P as a responsible person for C.  P filed an appeal
request and subsequently disputed the underlying liabilities in a
conference with the Office of Appeals (Appeals) in November 2006.
Appeals rejected P's appeal, determined that P was a responsible
person for C, and assessed I.R.C. sec. 6672 penalties against him.

R filed a notice of Federal tax lien (NFTL) and P timely
requested a collection due process (CDP) hearing in September 2013.
At the CDP hearing, P attempted to dispute his underlying liability for
the penalties.  R's settlement officer rejected P's challenge after
determining that P had had a prior opportunity to challenge the
liability at the November 2006 Appeals conference.  R's settlement
officer and P discussed collection alternatives; and after P verified his

**[*2]** limited income, Appeals issued a notice of determination sustaining the filing of the NFTL but placing P's account in currently not collectible status.

P timely filed a petition in this Court for review of Appeals' determination. R filed a motion for summary judgment, and P filed an opposition.

Held: Appeals afforded P an opportunity to dispute his underlying liability for the assessed I.R.C. sec. 6672 penalties in the Letter 1153 Appeals conference, thereby precluding him under I.R.C. sec. 6330(c)(2)(B) from later disputing that liability at the CDP hearing.

Held, further, R had no obligation to first collect unpaid trust fund taxes from bankrupt C before assessing I.R.C. sec. 6672 penalties against P and attempting to collect the penalties from him.

Held, further, Appeals did not abuse its discretion in determining to sustain the NFTL.

Bahig F. Bishay, for himself.

R. Jeffrey Knight, for respondent.

**[*3]**                    MEMORANDUM OPINION

GUSTAFSON, <u>Judge</u>:  This is a "collection due process" ("CDP") appeal

pursuant to section 6330(d),[1] in which petitioner, Bahig Bishay, asks us to review

the determination by the Office of Appeals ("Appeals") of the Internal Revenue

Service ("IRS") to sustain the filing of a notice of Federal tax lien ("NFTL") to

collect section 6672 trust fund recovery penalties assessed against him for failing

to collect and pay over employment taxes of Commonwealth Automobile Co.

("Commonwealth"), for quarterly periods ending March 31 and June 30, 2002.

The case is before the Court on a motion for summary judgment filed by

respondent, the Commissioner of the IRS.  The issues for decision are:

(1) whether Mr. Bishay may challenge the existence or amount of his liability for

the penalties and (2) whether Appeals abused its discretion in determining to

sustain the filing of an NFTL to facilitate the collection of the penalties from Mr.

Bishay.  The Commissioner moved for summary judgment, and Mr. Bishay filed

an opposition.[2]  We hold that there is no genuine dispute as to any material fact on

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code ("the Code") and all Rule references are to the Tax Court Rules of
Practice and Procedure.  All amounts are rounded to the nearest dollar.

[2]Mr. Bishay's opposition also included a cross-motion for summary

(continued...)

[*4] the issue of whether Appeals abused its discretion in making its determination. We will therefore grant the Commissioner's motion.

Background

For purposes of the Commissioner's motion, we assume correct the facts asserted by Mr. Bishay that are supported by his filings, as well as the facts demonstrated by the Commissioner that Mr. Bishay did not dispute. See infra part I.A.

Mr. Bishay was the president and sole shareholder of Commonwealth. He also served as an officer and the treasurer of Commonwealth. In 2002 Commonwealth filed in the U.S. Bankruptcy Court for the District of Massachusetts a petition under the Bankruptcy Code, 11 U.S.C. secs. 101-1330 (2000).[3] In June 2002 Mr. Bishay was removed and replaced by a chapter 7 bankruptcy trustee who assumed control of Commonwealth's financial affairs. For the tax periods ending on March 31 and June 30, 2002, Commonwealth failed to pay over the Federal income and Social Security taxes withheld from its

---

[2](...continued)
judgment. The Court denied that cross-motion by an order dated October 29, 2014.

[3]The case was filed under chapter 11 of the Bankruptcy Code but was converted to a chapter 7 bankruptcy on June 3, 2002.

[*5] employees.  In September 2002 the IRS filed a proof of claim in the Commonwealth bankruptcy proceeding.[4]

For purposes of the Commissioner's motion, we assume, as Mr. Bishay seems to imply, that if the IRS had been more aggressive in the bankruptcy proceeding, it might have been able to obtain payment of some or all of Commonwealth's unpaid trust fund taxes, which would then have reduced the need to collect the trust fund recovery penalties from Mr. Bishay.

On May 9, 2005, IRS revenue officer Christopher Tighe mailed to Mr. Bishay a Letter 1153, which proposed to assess section 6672 trust fund recovery penalties against him as a responsible person who had failed to collect and pay over employment taxes with respect to employees of Commonwealth.  (Trust fund taxes and the section 6672 penalties are discussed in part I.B below.)  In response, on July 7, 2005, Mr. Bishay filed an appeal request.  On November 8, 2006, Appeals held a hearing at which Mr. Bishay disputed the liabilities.  He argued that after Commonwealth's bankruptcy filing and the appointment of a trustee, he

---

[4]Mr. Bishay contends that the Commissioner failed to file a proof of claim in Commonwealth's bankruptcy proceeding.  This contention is contradicted by the administrative record developed before Appeals.  The request for a CDP hearing that Mr. Bishay submitted to Appeals appears in our record as Exhibit C; and attached to that request (as Exhibit L thereto) is the claims register showing the filing of the IRS's proof of claim in the total amount of $115,302.

**[*6]** was no longer able to control Commonwealth's financial affairs and was therefore not responsible for paying over Commonwealth's employment taxes.

In addition, Mr. Bishay argued to Appeals that the IRS was barred from proceeding against him for the trust fund recovery penalties because the IRS had failed to file a proof of claim for the trust fund taxes in Commonwealth's bankruptcy case.[5]  On February 5, 2007, the IRS rejected Mr. Bishay's appeal, determined that he was a responsible person for Commonwealth, and assessed section 6672 penalties against him in amounts totaling more than $41,000.[6]

On September 10, 2013, the IRS issued to Mr. Bishay a "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320".  Mr. Bishay

---

[5]Before Appeals and in his petition in this Court, Mr. Bishay also argued that the IRS had failed to file a notice of claim in the receivership proceeding styled Bell Atl. Yellow Pages Co. v. U.S. Auto Exch. Grp., Ltd., (In re Bahig F. Bishay), No. 2000-01838 (Mass. Sup. Ct. Sept. 28, 2001) (order appointing receiver), in which, he alleged, the court ordered him to turn over all of his assets, including money, to a court-appointed receiver.  However, Mr. Bishay did not support or even raise any such contention in his opposition to the IRS's motion for summary judgment, and we deem that the contention has been abandoned. Moreover, while the pendency of a receivership proceeding might affect the propriety of the IRS's proceeding with a levy, see 26 C.F.R. secs. 301.6331-1(a)(3), 301.6871(a)-2(a), Proced. & Admin. Regs., this case involves only the IRS's filing of a notice of lien, where those restrictions do not apply, see Appleton v. Commissioner, T.C. Memo. 2010-225.

[6]The IRS assessed $22,119 for the tax period ending March 31 and $19,493 for the tax period ending June 30, 2002.

**[\*7]** filed, on September 26, 2013, a timely request for a CDP hearing before Appeals. On November 27, 2013, an Appeals settlement officer ("SO") discussed the issues in the case with Mr. Bishay. The SO informed him that he had had a prior opportunity to dispute the liability and that he could obtain an in-person meeting only if he submitted the request in writing and if he submitted complete financial information so that they could discuss collection alternatives.

At a subsequent telephone conference on January 6, 2014, the SO again explained to Mr. Bishay that since he had already had an opportunity to dispute the liability, they could discuss only collection alternatives during the CDP hearing. Mr. Bishay stated that he did not have any earned income, that he received only Social Security benefits, and that he relied on financial assistance from his family. Additionally, Mr. Bishay stated that he was in litigation over funds that a court-appointed receiver had embezzled. At the SO's request, Mr. Bishay provided her with documents verifying this information.

Thereafter, on March 18, 2014, Appeals issued Mr. Bishay a Notice of Determination concerning Collection Action(s) Under 6320 and/or 6330. The notice of determination explained Appeals' conclusions as communicated during the January 6, 2014, telephone CDP hearing--i.e., that Mr. Bishay was precluded from challenging his underlying liability because he had had a prior opportunity to

**[*8]** do so at the November 2006 Appeals conference; and that the IRS had filed a proof of claim in Commonwealth's bankruptcy proceeding. The SO also noted that Mr. Bishay had not offered any collection alternatives. As a result, Appeals determined to sustain the NFTL filing but also determined to place Mr. Bishay's accounts in currently not collectible status.

Mr. Bishay timely filed his petition in this Court arguing that he is not liable for the trust fund recovery penalties because of the bankruptcy court's appointment of a trustee in June 2002, and that collection should not proceed against him because the IRS failed to pursue the trust fund taxes from Commonwealth's bankruptcy estate.[7] Mr. Bishay resided in Massachusetts at the time he filed his petition.

---

[7]The petition also appears to argue that the liability is owed not by Mr. Bishay but by Commonwealth. Mr. Bishay does not repeat this contention in his opposition, and we assume he has abandoned it--and for good reason: It is true that Commonwealth (and not Mr. Bishay) owes the trust fund taxes in the first instance as the withholding employer; but what Mr. Bishay owes, as a "responsible person", is the related but distinct liability for the section 6672 penalties. Another argument made by Mr. Bishay at the CDP hearing, but not repeated here in his petition nor in his opposition to the motion for summary judgment, is that the statute of limitations barred the penalty assessments at issue here. There is no support in the record for this argument, and we infer that Mr. Bishay has abandoned it as well.

**[\*9]**                                    <u>Discussion</u>

I.      <u>General legal principles</u>

    A.      <u>Summary judgment</u>

Under Rule 121 (the Tax Court's analog to Rule 56 of the Federal Rules of

Civil Procedure), the Court may grant summary judgment where there is no

genuine dispute as to any material fact and a decision may be rendered as a matter

of law.  The moving party (here, the Commissioner) bears the burden of showing

that no genuine dispute of material fact exists, and the Court will view any factual

material and inferences in the light most favorable to the nonmoving party.

<u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>cf.</u> <u>Anderson v. Liberty

Lobby, Inc.</u>, 477 U.S. 242, 255 (1986) (same standard under Fed. R. Civ. P. 56).

"The opposing party is to be afforded the benefit of all reasonable doubt, and any

inference to be drawn from the underlying facts contained in the record must be

viewed in a light most favorable to the party opposing the motion for summary

judgment." <u>Espinoza v. Commissioner</u>, 78 T.C. 412, 416 (1982).  To resolve the

Commissioner's motion, we assume the facts as shown by Mr. Bishay, the non-

moving party, or as shown by the Commissioner and not disputed by Mr. Bishay.

**[\*10] B.    "Responsible person" penalty**

An employer (here, Commonwealth) is required to withhold from an employee's wages and then pay over to the IRS both income tax, <u>see</u> sec. 3402, and the employee's share of Social Security and Medicare tax (i.e., Federal Insurance Contributions Act tax), <u>see</u> sec. 3102.  Under section 7501(a), "the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States"; consequently, these withheld taxes are referred to as "trust fund taxes".  One of the means Congress has enacted to ensure that these trust fund taxes are paid over to the Government is section 6672, under which "the officers or employees of the employer responsible for effectuating the collection and payment of trust-fund taxes who willfully fail to do so are made personally liable to a 'penalty' equal to the amount of the delinquent taxes."  <u>Slodov v. United States</u>, 436 U.S. 238, 244-245 (1978).  Section 6672(a) provides:

> SEC. 6672(a).  General Rule.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. * * *

[*11] The liability at issue here is this penalty imposed by section 6672, which the IRS assessed against Mr. Bishay to recover Commonwealth's unpaid trust fund taxes.

Before the IRS may assess a section 6672 penalty, it must mail a preliminary notice (here, the Letter 1153) "to an address as determined under section 6212(b)", i.e., to the responsible person's last known address (or it may deliver the notice in person) advising of the proposed assessment of a section 6672 penalty.[8]  Sec. 6672(b)(1); Bland v. Commissioner, T.C. Memo. 2012-84. Notification by mail (or delivery in person) is the only prerequisite necessary to establish the IRS's right to assess the penalty.  See Mason v. Commissioner, 132 T.C. 301, 322-323 (2009).  "The Commissioner may issue notice and demand for and assess the penalty 60 days after notification under section 6672(b)(1), during which period the taxpayer may appeal the proposed assessment and request an Appeals conference."  Bland v. Commissioner, T.C. Memo. 2012-84, slip op. at 14 (citing section 6672(b)(2)).  If the taxpayer appeals and the Appeals officer

---

[8]A Letter 1153 constitutes the notice of proposed assessment of a section 6672 responsible person penalty required by sec. 6672(b) as a prerequisite to the IRS's imposition of the penalty.  See Rev. Proc. 2005-34, sec. 4.01, 2005-1 C.B. 1233, 1234 (setting forth the procedures for mailing that letter and for the taxpayer's exercise of his right to either agree to or dispute the proposed assessment within 60 days of the date on the letter).

[*12] determines that the taxpayer is liable for the penalty as a responsible person, the matter is returned to the Commissioner for assessment and collection. The Commissioner initiates this collection process by issuing a notice and demand for payment pursuant to section 6303.

C.     Collection review procedure

If a taxpayer fails to pay any Federal tax liability after notice and demand, section 6331(a) authorizes the IRS to collect the tax by levy on the taxpayer's property; and section 6323(f) authorizes the IRS to file an NFTL to protect the Government's interests. However, Congress has added to chapter 64 of the Code certain provisions (in subchapter C, part I, and in subchapter D, part I) entitled "Due Process for Liens" and "Due Process for Collections", and those provisions must be complied with before the IRS can proceed with a levy or sustain the filing of an NFTL: The IRS must first issue a final notice of intent to levy and/or a notice of filing an NFTL and must notify the taxpayer of the right to an administrative hearing. Secs. 6320(a) and (b), 6330(a) and (b)(1). After receiving such a notice, the taxpayer may request that administrative hearing, secs. 6320(a)(3)(B), (b)(1), 6330(a)(3)(B), (b)(1), which is called a "CDP hearing" and takes place before Appeals, secs. 6320(b)(1), 6330(b)(1). If the taxpayer is

[*13] dissatisfied with the outcome there, he can appeal that determination to the Tax Court, secs. 6320(c), 6330(d)(1), as Mr. Bishay has done.

At the agency-level CDP hearing, the Appeals officer must determine whether the proposed collection action may proceed. In the case of a notice of intent to levy, the procedures for the agency-level CDP hearing before Appeals are set forth in section 6330(c). The procedures for the agency-level hearing regarding an NFTL are the same as those set forth in section 6330(c) for a notice of intent to levy. Sec. 6320(c). The Appeals officer is required to take into consideration several things: First, the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met by IRS personnel. Sec. 6330(c)(3)(A). The attachment to the notice of determination summarized the Appeals officer's compliance with these requirements.

Second, the taxpayer may "raise at the hearing any relevant issue relating to the unpaid tax or the * * * [collection action], including" challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(c)(2)(A). One of Mr. Bishay's contentions pertains to the appropriateness of the collection action, which we discuss below in part II.B.

Additionally, the taxpayer may contest the existence and amount of the underlying tax liability, but only if he did not receive a notice of deficiency or

**[*14]** otherwise have an opportunity to dispute the tax liability. Sec.

6330(c)(2)(B). Mr. Bishay attempted to challenge his underlying tax liability and

continues that attempt in this case. We will address this contention below in part

II.A.

Finally, the Appeals officer must determine "whether any proposed

collection action balances the need for the efficient collection of taxes with the

legitimate concern of the person that any collection action be no more intrusive

than necessary." Sec. 6330(c)(3)(C). We alternatively construe Mr. Bishay's

collection contentions as an intrusiveness argument, which we discuss below in

part II.B.

    D.    <u>Tax Court review</u>

When Appeals issues its determination, the taxpayer may "appeal such

determination to the Tax Court", pursuant to section 6330(d)(1), as Mr. Bishay has

done. Where the underlying tax liability is properly at issue, the taxpayer is

entitled to de novo review. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

As to issues other than the underlying liability, we review the determination for

abuse of discretion. <u>Id.</u> at 182. That is, we decide whether the determination was

arbitrary, capricious, or without sound basis in fact or law. <u>See</u> <u>Murphy v.</u>

<u>Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006). As

**[*15]** we will discuss further, because the underlying liability is not properly at issue, we review Appeals' determination to sustain the filing of a notice of Federal tax lien for abuse of discretion.

II.     Analysis

Mr. Bishay makes two related but distinct arguments that Appeals' determination was erroneous.  The two arguments involve different legal theories that require separate analyses under section 6330(c).  First, in Mr. Bishay's opposition he challenges his underlying liability for the section 6672 penalties.  Second, Mr. Bishay challenges the appropriateness of collection.  For the reasons we discuss below, neither argument can be sustained.

A.      Mr. Bishay's underlying liability for the section 6672 penalties

In addition to two liability arguments that he made before Appeals but has since abandoned, see supra note 7, Mr. Bishay argued before Appeals and has argued here that he is not liable for the section 6672 penalties because he was disabled from paying Commonwealth's employment tax liability in June 2002 (and therefore ceased to be a "responsible person" for purposes of section 6672) when he was removed and replaced by a chapter 7 bankruptcy trustee who assumed control of Commonwealth's financial affairs.  But Mr. Bishay cannot make such a challenge to his underlying liability if he had a prior "opportunity to

[*16] dispute such tax liability" under section 6330(c)(2)(B).  For purposes of section 6330(c)(2)(B), a prior conference with Appeals, offered before or after assessment, is an "opportunity" to dispute the underlying liability.  See 26 C.F.R. sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs. (a prior opportunity to dispute liability "includes a prior opportunity for a conference with Appeals").

In the specific context of CDP cases involving trust fund recovery penalties, this Court has held that a taxpayer has an "opportunity" to dispute his liability for a trust fund recovery penalty when he receives a Letter 1153.  See Mason v. Commissioner, 132 T.C. at 317-318.  Thus, if the taxpayer receives a Letter 1153 and challenges the underlying tax liability at the Appeals conference (or if he receives a Letter 1153 but fails to do so), then the taxpayer is precluded by section 6330(c)(2)(B) from challenging the underlying tax liability in a subsequent

**[*17]** CDP hearing.[9]  In that case, the primary purpose of the CDP hearing is for the taxpayer and the settlement officer to discuss collection alternatives.

As we previously discussed, Mr. Bishay received a Letter 1153 and unsuccessfully raised an underlying liability challenge at the November 2006 Appeals conference.  At that conference Mr. Bishay made the same liability argument that he now attempts to make, i.e., that after the bankruptcy filing he was not responsible for Commonwealth's financial affairs.  Mr. Bishay's receipt of Letter 1153 and his subsequent Appeals conference was, for purposes of section 6330(c)(2)(B), a prior "opportunity to dispute" his liability for the trust fund recovery penalties.  Therefore, Appeals did not err by precluding Mr. Bishay from re-raising that argument at his CDP hearing.[10]

---

[9]The lack of opportunity for judicial review after the Letter 1153 proceeding does not severely prejudice the taxpayer because, as we have previously noted, "the section 6672 penalty is divisible, so that a taxpayer may litigate the penalty after having paid an amount corresponding to the tax withheld from a single employee".  See Weber v. Commissioner, 138 T.C. 348, 363 n.12 (2012) (citing Davis v. United States, 961 F.2d 867, 870 n.2 (9th Cir. 1992), and Bland v. Commissioner, T.C. Memo. 2012-84).  Thus, the taxpayer whose liability is upheld in the Letter 1153 proceeding can make a small "token" payment towards the section 6672 penalty, file a refund claim with the IRS, and, if the refund claim is denied, file a refund suit in Federal District Court or the Court of Federal Claims.

[10]The merits of this argument, which we do not reach, are problematic, since the tax periods at issue are the quarters that ended March 31 and June 30, 2002,

(continued...)

**[\*18]** B.    <u>The IRS's collection of the section 6672 penalties from Mr. Bishay</u>

Second, Mr. Bishay argues that the Commissioner should not be allowed to collect the section 6672 penalties from him because the Commissioner "failed to seek payment in the United States Bankruptcy Court, and is now barred from pursuing Petitioner based on its grave failure." Mr. Bishay contends that "it was incumbent upon Respondent to get paid through the United States Bankruptcy Court for the tax period in question." Implicit in Mr. Bishay's collection argument is that if the Commissioner had more aggressively pursued collection in Commonwealth's bankruptcy proceeding, the Commissioner would have been able to obtain some or all of the unpaid trust fund taxes, thereby reducing or eliminating Mr. Bishay's liability for the corresponding penalties. We interpret this argument as a challenge to the appropriateness of the collection action under section 6330(c)(2)(A)(ii) or, alternatively, as an assertion that the collection action is more intrusive than necessary under section 6330(c)(3)(C).

---

[10](...continued)
and Mr. Bishay was not removed until June 2002, the last month of the second of those quarters. <u>See</u> <u>Howard v. United States</u>, 711 F.2d 729, 737 (5th Cir. 1983) (corporate officer liable for sec. 6672 penalties even though he was not employed by employer on the date the taxes for the quarter were due); <u>Kalb v. United States</u>, 505 F.2d 506, 509 (2d Cir. 1974) ("responsible person" liable under sec. 6672(a) even though company went bankrupt before the end of the first quarter).

**[*19]** 1. Appropriateness of collection

Preliminarily, we note that the record developed before Appeals contradicts Mr. Bishay's contention that the Commissioner failed to follow bankruptcy procedure for filing a proof of claim. Before and during the CDP hearing, Mr. Bishay contended that the Commissioner failed to file a proof of claim in Commonwealth's bankruptcy case. He repeated that contention in the petition he filed in this Court; and in his opposition to the Commissioner's motion for summary judgment, he "disputed", without elaboration or corroboration, the IRS's filing of a proof of claim. However, Mr. Bishay's own submissions to Appeals show that the IRS did file a proof of claim in the bankruptcy case on September 26, 2002 (reflected on Commonwealth's claims register as Claim number 7).

This belies Mr. Bishay's implicit contention that the Commissioner was dilatory in pursuing collection of the trust fund taxes in the bankruptcy case. But even if we assume, for purposes of the Commissioner's motion, that more aggressive efforts by the IRS in the bankruptcy proceeding could have led to a substantial collection, that fact would not undermine the IRS's right to collect the section 6672 penalties from Mr. Bishay, since his argument fails for a more fundamental reason:

**[\*20]** The IRS has no obligation to first collect employment taxes from the employer before assessing and collecting the corresponding trust fund recovery penalty from a responsible person under section 6672. See Howard v. United States, 711 F.2d 729, 736 (5th Cir. 1983); Datlof v. United States, 370 F.2d 655, 656 (3d Cir. 1966) ("The Service need not have attempted to collect from the employer before assessing a responsible person under § 6672"); Morgan v. Commissioner, T.C. Memo. 2011-290, slip op. at 7 (section 6672 "'does not include any requirement that the government exercise "due diligence" in its collection efforts against the employer corporation'" (quoting Cooper v. United States, 539 F. Supp. 117, 121 (E.D. Va. 1982), aff'd, 705 F.2d 442 (4th Cir. 1983))); Jenkins v. United States, 101 Fed. Cl. 122, 138 n.29 (2011), aff'd, 484 Fed. Appx. 511 (Fed. Cir. 2012); Farrington v. United States, 920 F. Supp. 12, 14 (D.N.H. 1996) ("[A] taxpayer may not enjoin collection attempts made under 26 U.S.C. § 6672 on the ground that collection should first be had from the corporate employer.").

Similarly, the IRS is not obligated to collect taxes from an employer's corporate assets or from its bankruptcy estate before collecting a trust fund recovery penalty from the responsible person. See Frank v. D'Ambrosi, 4 F.3d 1378, 1386 (6th Cir. 1993) ("The IRS is not required to collect delinquent

[*21] employment taxes from corporate assets before proceeding against corporate officials"). A person with responsibility to pay over taxes impressed with a trust in favor of the United States is not entitled to spend those funds instead and then oblige the IRS to try to chase down the money from other sources. A responsible person who fails to pay over withheld taxes often does so with a bankruptcy looming, and bankruptcy proceedings often pend for years. The section 6672 penalty would lose its intended force if the employer's filing of a bankruptcy case could effectively immunize the responsible person from penalty liability.

Mr. Bishay's argument that the IRS had to collect the unpaid trust fund taxes from Commonwealth's bankruptcy estate was properly rejected in the CDP hearing. Appeals did not abuse its discretion by rejecting Mr. Bishay's challenge to the appropriateness of the IRS's collection method of filing an NFTL to protect the interests of the public fisc.

### 2. Intrusiveness

Section 6330(c)(3)(C) provides that "[t]he determination by an appeals officer under this subsection shall take into consideration * * * whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." We infer that Mr. Bishay may intend to invoke this

**[\*22]** principle and to contend that, while the IRS <u>may</u> collect from him, it <u>should</u> not, because collection of the trust fund taxes from Commonwealth's bankruptcy estate would be less intrusive. If so, this contention similarly fails.

As we have discussed, the IRS is not obligated to act as a responsible person's collection agent and is not required to first collect the employment taxes from the employer, or the employer's bankruptcy estate, before collecting a trust fund recovery penalty from a responsible person. It will always be true that the IRS's collection of the trust funds from the employer, from a bankrupt estate, from another responsible person, or from some other source will be much less intrusive for the complaining responsible person--but he could not avoid collection merely by affirming this truism in a CDP hearing. Mr. Bishay does not point to any specific collection prospect that the IRS could easily pursue to recover the trust funds. He simply prefers that the IRS pursue hypothetical prospects before pursuing him. This does not amount to a showing of any failure by Appeals to "balance the need for the efficient collection of taxes with" Mr. Bishay's concerns about intrusiveness.

Moreover, the action sustained by Appeals' determination--i.e., the filing of an NFTL, rather than issuing a notice of intent to levy--was among the less intrusive collection methods available to the IRS. By filing the NFTL and also

**[\*23]** placing Mr. Bishay's account in currently not collectible status--meaning that further collection efforts by the IRS would cease unless and until Mr. Bishay's circumstances changed--the IRS was only preserving its place in Mr. Bishay's line of creditors.  The IRS chose the least intrusive collection method and certainly did not abuse its discretion in doing so.

In short, Appeals' determination to sustain the NFTL filing was not an abuse of discretion.  We will therefore grant the Commissioner's motion for summary judgment, and to that end--

<u>An appropriate order and decision will be entered</u>.