NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BAHIG F. BISHAY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1020

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01665-EDK, Judge Elaine Kaplan.

---

Decided:  August 30, 2022

---

BAHIG F. BISHAY, Norwood, MA, pro se.

JULIE CIAMPORCERO AVETTA, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JACOB EARL CHRISTENSEN, RICHARD E. ZUCKERMAN.

---

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* CHEN.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

CHEN, *Circuit Judge*.

Mr. Bahig Bishay appeals two decisions of the United States Court of Federal Claims (Claims Court), the first dismissing his tax refund, declaratory judgment, and injunctive relief claims for lack of subject matter jurisdiction; and the second denying his request for an order of default. On appeal, Mr. Bishay challenges the Claims Court's dismissal of his tax refund claim and its denial of his request for a default order. Because we agree with the Claims Court that Mr. Bishay has not satisfied the minimum payment required for his tax refund action, we *affirm* the Claims Court's dismissal for lack of subject matter jurisdiction. We also *affirm* the Claims Court's denial of Mr. Bishay's request for a default order because, at the time of the request, the government had not yet been served with the complaint due to a docketing error.

I

In February 2007, the Internal Revenue Service (IRS) assessed a penalty of $41,612.40 against Mr. Bishay pursuant to 26 U.S.C. § 6672 for failure to pay taxes for two quarters in 2002. *Bishay v. United States*, No. 18-1665C, 2019 WL 4415143, at *1 (Fed. Cl. Sept. 16, 2019). In August 2013, the IRS recorded a lien to recover the still unpaid penalty. *Id.*; *see also id.* at *1 n.3. Mr. Bishay then unsuccessfully litigated the assessment of the penalty before the United States Tax Court (Tax Court). In its summary denial of Mr. Bishay's claim, the Tax Court noted that a taxpayer "can make a small 'token' payment towards the section 6672 penalty, file a refund claim with the IRS, and, if the refund claim is denied, file a refund suit in Federal District Court or the Court of Federal Claims." *Bishay v. Comm'r*, T.C.M. 2015-105, 2015 WL 3505310, at *6 n.9 (June 4, 2015), *aff'd Bishay v. Comm'r*, No. 15-2040, 2017 WL 11453028 (1st Cir. Oct. 11, 2017).

On October 17, 2018, Mr. Bishay filed the complaint at issue in this appeal. Appx. 27–32.[1] He sought "declaratory, injunctive, and monetary relief" based on allegations that the IRS "arbitrarily, maliciously, and unjustly recorded a Federal Tax Lien against [him]," "falsely claim[ed]" that he owed payroll taxes, and "unlawfully claimed" that he was responsible for the payment of penalties under § 6672 for failure to pay the same taxes. Appx. 27. The complaint alleged, among other things, that Mr. Bishay sent the IRS "a 'token' payment pursuant to the federal authority explained in *Weber v. Commissioner*, 138 T.C. 348, 363 n.12 (2012)." Appx. 28. The cited authority explains that to litigate a tax refund claim, a taxpayer generally must show that he satisfied the "full payment rule" by remitting "the prior full payment of the liability." *Weber*, 138 T.C. at 363 & n.12. The § 6672 penalty, however, "is divisible, so that a taxpayer may litigate the penalty after having paid an amount corresponding to the tax withheld from a single employee." *Id.* at 363 n.12 (citing *Davis v. United States*, 961 F.2d 867, 870 n.2 (9th Cir. 1992); *Bland v. Comm'r*, T.C.M. 2012-84, 2012 WL 967651, at *25 n.13 (Mar. 22, 2012)); *see also Barnhill v. Comm'r*, 155 T.C. 1, 15 n.7 (2020).

On January 8, 2019, Mr. Bishay filed an application for an order of default after he did not receive a response to his complaint by the deadline, leading to the realization that the complaint had never been served on the government. Appx. 1, 5. The Claims Court subsequently served a copy of the complaint on the government. Appx. 1. On January 11, 2019, the Claims Court denied Mr. Bishay's application for a default order since the complaint had not been properly served. Appx. 1–2. On January 22, 2019, Mr. Bishay moved for reconsideration and the Claims Court

---

[1]    "Appx." citations are to the appendix filed concurrently with Appellant's brief.

denied the motion, again finding that "a default judgment was not warranted given that the United States did not receive the complaint until after the deadline for filing an answer had passed." Appx. 5.

On May 24, 2019, the government moved for a more definite statement, asking the Claims Court to require Mr. Bishay to show that he paid the equivalent of the tax due for one employee for one quarter of liability. *Bishay*, 2019 WL 4415143, at *1. Although IRS records indicate that Mr. Bishay paid $100 towards the § 6672 penalty, the government argued that payroll records attached to his complaint "cast doubt" on whether his payment met the requirements set forth in *Weber*. *Id.*; *see also* Appx. 79–81. The Claims Court denied the motion for a more definite statement, but noted that Mr. Bishay would, in fact, be required to produce evidence that the $100 payment was sufficient. *Bishay*, 2019 WL 4415143, at *2. The government subsequently moved to dismiss Mr. Bishay's claims for lack of subject matter jurisdiction and the Claims Court granted the motion. *Id.*

Regarding Mr. Bishay's tax refund claims, the Claims Court found that it did not have subject matter jurisdiction because his $100 token payment was less than the smallest withholding for one employee for one quarter, which was $135.53. *Id.* at *3. The Claims Court also concluded it did not have jurisdiction over Mr. Bishay's declaratory judgment claims because it "may not grant declaratory relief if such relief is the primary focus of the plaintiff's suit." *Id.* at *4 (quoting *Rice v. United States*, 31 Fed. Cl. 156, 164 (1994), *aff'd*, 48 F.3d 1236 (Fed. Cir. 1995)). For Mr. Bishay's claims related to the validity of the tax lien, the Claims Court found that "Congress reserved tax lien challenges for federal district and state courts" and that there was no money-mandating substantive source of law that would provide it with jurisdiction. *Id.* Finally, the Claims Court concluded that the Anti-Injunction Act prevents it

from adjudicating requests for injunctive relief regarding IRS collection proceedings. *Id.*

Mr. Bishay appealed, challenging the Claims Court's determination that it lacked jurisdiction over Mr. Bishay's tax refund claim and arguing the merits of the underlying action. Mr. Bishay also appealed the Claims Court's denial of his application for an order of default in a separate decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II

We review the Claims Court's legal conclusions de novo and its factual findings for clear error. *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1351 (Fed. Cir. 2013) (citing *Est. of Hage v. United States*, 687 F.3d 1281, 1285 (Fed. Cir. 2012)). The Claims Court's dismissal of an action for lack of subject matter jurisdiction is a legal conclusion we review de novo. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence and we "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)).

The subject matter jurisdiction of the Claims Court is limited by statute and includes tax refund claims. 28 U.S.C. § 1346(a)(1). To establish Claims Court jurisdiction over a tax refund action pursuant to the Tucker Act, the plaintiff must satisfy the "full payment rule," which "requires that a person seeking a refund for a tax or penalty pay in full before filing suit." *Diversified Grp.*, 841 F.3d at 979 (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)). The "full payment rule" is subject to the "divisibility exception," whereby "[i]f an assessment or penalty is merely the sum of several independent assessments triggered by separate transactions, it is considered divisible

such that the taxpayer may pay the full amount on one transaction, sue for a refund for that transaction, and have the outcome of this suit determine his liability for all the other, similar transactions." *Id.* at 981–82 (emphases, internal quotations, and internal citations omitted). One implementation of the divisibility exception is that a taxpayer assessed under § 6672 need only pay the portion of the penalty attributable to a single employee's withholding. *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977)*; see also Cencast Servs., LP v. United States*, 729 F.3d 1352, 1357 (Fed. Cir. 2013); *Vir v. United States*, 125 Fed. Cl. 293, 300 (2016) ("Under this exception, 'a taxpayer assessed under section 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action.'" (quoting *Boynton*, 566 F.2d at 52)).[2]

Analyzing Mr. Bishay's allegations and arguments under the divisibility exception framework, the Claims Court found that, even accepting all of Mr. Bishay's allegations as true, he did not establish that his $100 payment was sufficient to satisfy the full payment requirement for Claims Court jurisdiction. *Bishay*, 2019 WL 4415143, at *3. Before the Claims Court, Mr. Bishay only alleged (without support) that he himself was the lowest paid employee, "having received $0 [] per hour from September 1999 through June 2002," rendering his $100 payment "equivalent to more than his withholding for at least one quarter." *Id.* This could not be correct, the Claims Court concluded, because $0 could not serve as a divisible amount of the penalty. *Id.* That calculation, the Claims Court

---

[2]    The Claims Court and the district courts have concurrent jurisdiction over tax refund claims, including tax refund claims based on § 6672 penalties. Accordingly, regional circuits, in addition to our court, have addressed these issues.

explained, relies on "the penalty assessment attributable to a single individual's *withholding*" and having no income would not result in any withholding. *Id.* (emphasis in original). Additionally, we note that a $0 payment would be inconsistent with the nature of a tax *refund* action.

The Claims Court also found that Mr. Bishay offered no facts or argument challenging the government's calculation that the minimum required payment is $135.53. *Id.* Mr. Bishay's appeal does not dispute the government's calculation. We therefore agree with the Claims Court's ultimate conclusion that Mr. Bishay did not establish subject matter jurisdiction over his tax refund action.

We also conclude that Mr. Bishay has not identified any other statute that confers power on the Claims Court to grant his desired relief. For example, Mr. Bishay's brief refers to 26 U.S.C. §§ 7426, 7432, and 7433, but those provisions of the Internal Revenue Code clearly authorize a lawsuit against the United States "in a district court of the United States," not in the Claims Court. *Brown v. United States*, 36 Fed. Cl. 290, 298 (1996), *aff'd* 217 F.3d 858 (Fed. Cir. 1999) ("the United States District Courts have exclusive jurisdiction over claims of monetary damages related to the failure of IRS personnel to release a federal tax lien" (citing 26 U.S.C. § 7432)); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("Congress has provided that claims for damages such as [for unlawful collection activities of the IRS] must be brought exclusively before a district court of the United States. The Court of Federal Claims is not a district court of the United States, and therefore it lacks subject matter jurisdiction over [taxpayer]'s damages claims."); *see also* 28 U.S.C. § 2410(a) ("the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien."); 28 U.S.C. § 1346(a)(1)

(providing the Claims Court with jurisdiction over only tax and penalty refund actions).

Finally, we disagree with the dissent's alternative approach supplying a new calculation for the minimum payment. On appeal, Mr. Bishay does not provide an alternative calculation nor any reason that the Claims Court clearly erred in adopting the government's uncontroverted calculation. Mr. Bishay instead argues that the Claims Court should have found jurisdiction because: (1) he "needed not pay the United States *any* money—much less a 'token payment' . . . —to confer subject matter jurisdiction"; and (2) the full payment rule "has no support in law or in fact, and is nothing but subterfuge intended to side-step and obfuscate" the lower court's duty to review "the United States' unlawful activities." Appellant's Br. 4, 7 (emphasis added); *see also id.* at 12–13, 41–42.

Regardless, our case law, as well as the case law of regional circuits addressing the same question, establishes that penalties are divisible on a transaction-by-transaction basis, dividing assessments based on a single individual's withholding (the calculation performed by the government) and not type of tax (the calculation performed by the dissent). *Diversified Grp.*, 841 F.3d at 981–82; *Boynton*, 566 F.2d at 52 ("a taxpayer assessed under section 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action"); *Cencast Servs.*, 729 F.3d at 1357 ("where a tax is divisible, the taxpayer may pay the full amount on one transaction" (citation and internal quotations omitted)); *Korobkin v. United States*, 988 F.2d 975, 976 (9th Cir. 1993) ("payroll taxes can also be divisible because they're assessed separately for each employee"); *see also Vir*, 125 Fed. Cl. at 300; *Gaynor v. United States*, 150 Fed. Cl. 519, 533 (2020) (explaining that "payroll taxes paid by employers . . . are considered divisible because they are assessed separately for each employee"). Here, the "transaction" or "assessment" for a single individual's

withholding is that individual's total federal withholding, which includes the individual's income tax and FICA tax withholding, as calculated by the government. Appx. 154–55, 160; *see Godfrey v. United States*, 748 F.2d 1568, 1573 (Fed. Cir. 1984) (noting that the United States Claims Court had allowed the case to proceed after each plaintiff paid "the amount in excess of income and FICA taxes withheld from one employee"). We disagree that payment of a single employee's FICA tax alone would be sufficient to render the Claims Court with jurisdiction. An otherwise singular penalty does not become divisible just because it "involves summing multiple figures," such as the income tax and FICA tax components of the § 6672 penalty relied on by the dissent. *Diversified Grp.*, 841 F.3d at 982.

## III

We also affirm the Claims Court's decision denying Mr. Bishay's application for an order of default. Under Rule 55 of the Rules of the United States Court of Federal Claims (RCFC), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." RCFC 55(a). Here, the circumstances leading to the application for an order of default arise from failure of service of the complaint, not failure of the government to plead or otherwise defend. RCFC 4(a). Following eventual service of the complaint, the government moved forward promptly, requesting a stay pending resolution of the government shutdown and ultimately moving to dismiss within the deadline. Appx. 2. Accordingly, we also affirm the Claims Court's denial of Mr. Bishay's request for an order of default.

## CONCLUSION

We have considered Mr. Bishay's remaining arguments and do not find them persuasive. For the foregoing reasons, we affirm the Claim Court's dismissal and the Claims

Court's denial of Mr. Bishay's request for an order of default.

**AFFIRMED**

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BAHIG F. BISHAY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1020

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01665-EDK, Judge Elaine Kaplan.

---

NEWMAN, *Circuit Judge*, dissenting.

The court today expels Mr. Bahig Bishay from the fourth court in which he has sought review of a lien that the IRS placed on his property in 2013. The lien was in collection of a penalty the IRS assessed on Mr. Bishay personally, for non-payment to the IRS of employee withholding taxes. These taxes accrued during the first two quarters of the bankruptcy of the Commonwealth Automobile Company in 2002. 26 U.S.C. § 6672 authorizes a penalty for willful, untruthful, and purposefully tax-evasive failure to withhold and pay to the IRS certain employee taxes. The penalty provision provides:

26 U.S.C. § 6672.  Failure to collect and pay over tax, or attempt to evade or defeat tax

(a) General rule.  Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Mr. Bishay states that these culpable conditions did not exist, that the Company was in bankruptcy and the IRS filed a claim for these taxes in the bankruptcy proceeding, and that the statute of limitations had run.  The Federal Circuit is the fourth court that has declined to review the merits of this penalty assessment, starting with the Tax Court in 2015.  I respectfully dissent from the majority's affirmance of the dismissal by the Court of Federal Claims, and from our failure to consider aspects that could resolve the issue.

## DISCUSSION

Mr. Bishay was the president and owner of Commonwealth Automobile Company.  The company initiated bankruptcy proceedings under Chapter 11 on January 2, 2002, and all operations ceased under Chapter 7 in May 2002.  The record contains W-2 forms showing withholding of employee income tax and FICA (Social Security and Medicare) taxes totaling $41,612.40 during the first two quarters of 2002.  The record states that this withholding was not paid over to the IRS.

The record contains copies of communications among the IRS, the trustee in bankruptcy, and various Commonwealth representatives, and in 2003 the IRS filed a claim for these taxes with the bankruptcy court.  In 2005 the

bankruptcy estate was closed; the IRS claim was not paid due to lack of funds. On December 22, 2006, the IRS notified Mr. Bishay that "assessment will be made" of the "Trust fund recovery penalty," unless he paid the $41,612.40 by the stated date. This was followed by an Assessment notice dated February 5, 2007.

On August 29, 2013, the IRS filed a Notice of Federal Tax Lien with the Registry of Deeds in Dedham, Massachusetts, for the penalty amount of $41,612.40. The Notice states:

> This Notice of Federal Tax Lien gives public notice that the government has a lien on all your property (such as your house or car), all your rights to property (such as money owed to you) and to property you acquire after this notice is filed.

Appx72–73. The Notice stated he could bring a "collection-due-process appeal." The Tax Court described this proceeding as affirming the assessment because "Mr. Bishay's receipt of Letter 1153 and his subsequent Appeals conference was, for purposes of section 6330(c)(2)(B), a prior 'opportunity to dispute' his liability for the trust fund recovery penalties. Therefore, Appeals did not err by precluding Mr. Bishay from re-raising that argument at his CDP hearing." *Bishay v. Comm'r,* 109 T.C.M. (CCH) 1543, 2015 WL 3505310 at *7 (June 4, 2015).

The Tax Court stated that "[t]he lack of opportunity for judicial review after the Letter 1153 proceeding does not severely prejudice the taxpayer because, as we have previously noted, 'the section 6672 penalty is divisible, so that a taxpayer may litigate the penalty after having paid an amount corresponding to the tax withheld from a single employee.'" *Id.* at *6 n.9. "[T]he taxpayer . . . can make a small 'token' payment towards the section 6672 penalty . . . [and] file a refund suit in Federal District Court or the Court of Federal Claims." *Id.*

Mr. Bishay appealed to the First Circuit Court of Appeals, and that court affirmed the Tax Court as acting within its discretion. *Bishay v. Comm'r*, 2017 WL 11453028 (1st Cir. Oct. 11, 2017) (per curiam).

Neither of these courts mentioned Mr. Bishay's jurisdictional issue of the statute of limitations, or his challenge to his personal liability and the applicability of the penalty provisions of § 6672, although the Tax Court recited that "[i]n 2002 Commonwealth filed . . . a petition under the Bankruptcy Code" and "Mr. Bishay was removed and replaced by a chapter 7 bankruptcy trustee." T.C.M. at *2.

Mr. Bishay then paid a $100 "token" to the IRS, filed the IRS forms for refund, and then filed a claim in the Court of Federal Claims. The government moved to dismiss for lack of subject matter jurisdiction, on the ground that Mr. Bishay's payment of $100 was insufficient. The government argued that Mr. Bishay should have paid at least $135.53, based on the formula for divisible tax-refund claims developed in *Lucia v. United States*, 474 F.2d 565, 576 (5th Cir. 1973). The Federal Circuit has applied this formula, *e.g.*, in *Cencast Servs., L.P. v. United States*, 729 F.3d 1352 (Fed. Cir. 2013), explaining:

> When a taxpayer sues for a refund based on a divisible refund claim, it is meant to "test the validity of the entire assessment."

*Id.* at 1366. However, Mr. Bishay is not disputing the amount of any Commonwealth Automobile Company tax obligation; and the trustee in bankruptcy did not dispute this withholding obligation. Mr. Bishay is challenging the penalty levied against him personally under § 6672. He seeks judicial review of the government's penalty action; he has yet to achieve such review.

The Court of Federal Claims and the Federal Circuit are successors to the original Court of Claims and continue the prior court's Tucker Act jurisdiction of the defined

claims against the United States.  *See Pocono Pines Assembly Hotels Co. v. United States*, 73 Ct. Cl. 447 (1932):

> To remove [cases against the United States] from a legislative to a judicial forum was the especial purpose of the Tucker Act.  What Congress desired was a judicial determination of liability in the same manner as suits between individuals so that a justiciable claim against the United States, if established, under judicial procedure would determine the respective rights of the parties.

*Id.* at 486.

For tax appeals specifically directed to employer/employee obligations, the courts created a protocol whereby, when a tax issue concerns several employees or pay periods, it suffices for Tucker Act jurisdiction to prepay the disputed tax for one employee and one pay period.  For example, in *Michaud v. United States*, 40 Fed. Cl. 1 (1997), the plaintiffs prepaid "amounts represent[ing] the FICA taxes withheld from the compensation of two . . . employees," although income tax as well as the FICA taxes were at issue.  The Court of Federal Claims accepted that the remittance measured by the FICA taxes served to establish Tucker Act jurisdiction.  *See id.* at 28 (accepting jurisdiction based solely on FICA (Social Security and Medicare) prepayment).  The same situation is present here, for Mr. Bishay's $100 more than suffices to meet the prepayment protocol for the FICA withholding.

As precedent explains, income tax withholding and FICA tax withholding are separate provisions of the tax code. *See, e.g.*, *Jenkins v. United States*, 101 Fed. Cl. 122, 130 (2011), *aff'd*, 484 F. App'x 511 (Fed. Cir. 2012).  These withholdings are measured separately, *see CSX Corp. v. United States*, 518 F.3d 1328, 1338, 1343 (Fed. Cir. 2008) (finding the different purposes behind the FICA taxes for Social Security and Medicare, and income tax, justified treating the base measures of wages differently).  These

taxes are listed separately on each employee's W-2 form. *See* Appx177–184 (W-2 forms for 2002 for fourteen Commonwealth Auto employees, where Box 1 states wages for income tax purposes and the amount withheld appears in Box 2; Box 3 states wages subject to Social Security with the amount withheld in Box 4; and Box 5 states Medicare wages with the amount withheld in Box 6). The withholdings for all three categories are separate assessments at different rates. As in *Michaud*, there is no reason why the FICA taxes are unable to represent the "one transaction" that precedent endorses for Tucker Act jurisdictional purposes.

Applying this formula to the record, the withholding for the lowest paid Commonwealth employee shown in W-2 forms in the Appendix is $128.25 for Social Security and $29.99 for Medicare, for a total of $158.24 for three quarters. Appx178. Dividing by three, *see* Fed. Cl. Op. at *3,[1] the required pre-payment is $52.75. Mr. Bishay's $100 thus established jurisdiction under the formula shown in precedent. Although the panel majority criticizes this calculation, I agree with the Court of Federal Claims that it "is not inclined to prevent [a plaintiff] from challenging [a] full assessment in this forum simply because the representative amount he paid might not be representative enough." *Kaplan v. United States*, 115 Fed. Cl. 491, 494 (2014).

Nonetheless, the Court of Federal Claims and now the panel majority endorse the government's argument that Mr. Bishay's $100 is inadequate and therefore that there is no jurisdiction of his appeal. Mr. Bishay instead presented the argument that since the lowest paid employee (himself) was paid no wages, no pre-payment at all was required. Whatever one's view of this argument, it suffices to

---

[1]    *Bishay v. United States*, 2019 WL 4415143 (Fed. Cl. Sept. 16, 2019).

conclude any pre-payment requirement was met by the $100 that was paid.

The judicial obligation is to apply the correct law and to apply it correctly, whether or not the parties do so. As reiterated in *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90 (1991):

> [T]he court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.

*Id.* at 99.

The panel majority notes that in *Diversified Grp Inc. v. United States,* 841 F.3d 975 (Fed. Cir. 2016), this court held that a tax obligation does not become divisible by "involv[ing] summing multiple figures." *Id.* at 982. However, in *Diversified* the court held taxes are divisible when they are their "own assessments." *Id.* at 981. An assessment is the "[d]etermination of the rate or amount of something." *Assessment*, Black's Law Dictionary (11th ed. 2019). The FICA Social Security and Medicare taxes are distinct assessments, rates, and amounts, and they support Tucker Act jurisdiction under existing rules.

The panel majority also asserts that this theory cannot be considered because Mr. Bishay did not argue this theory of adequacy of his $100 payment. However, jurisdiction must be correctly decided. *See J.R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 132 (2008) ("The question presented is whether a court must raise on its own the timeliness of a lawsuit filed in the Court of Federal Claims, despite the Government's waiver of the issue. We hold that the special statute of limitations governing the Court of Federal Claims requires that *sua sponte* consideration.").

Jurisdictional issues are "open at any stage of the litigation, whether or not the parties have raised them." *UST, Inc. v. United States*, 831 F.2d 1028, 1031 (Fed. Cir.

1987).  Appellate jurisdiction extends not just to the correction of the specific error appealed, but also to the power to dispose of the case "as justice requires." *Patterson v. Alabama*, 294 U.S. 600, 607 (1935).  On this appeal, although Mr. Bishay states several times that the statute of limitations has run, the government does not respond.  This aspect should have been resolved at the threshold.

Mr. Bishay was denied the forum of the Tax Court and the regional circuit, where those courts relied on the availability of the forum of the Court of Federal Claims.  In *Cohens v. Virginia*, 19 U.S. 264 (1821), the Court stated the principles of jurisdiction in terms of judicial responsibility:

> It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should.  The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution.  We cannot pass it by because it is doubtful.  With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us.  We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.  The one or the other would be treason to the constitution.

*Id.* at 404.  *See also Hyde v. Stone*, 61 U.S. 170, 175 (1857) ("But the courts of the United States are bound to proceed to judgment, and to afford redress to suitors before them, in every case to which their jurisdiction extends.").  These classical principles have guided the nation.

Courts should be especially wary of interpretations that exclude unrepresented litigants from the courts.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) ("[W]e hold [*pro se* complaints] to less stringent standards than formal pleadings drafted by lawyers.").  Although complexities surround the Tucker Act, Mr. Bishay repeatedly stressed his concern for a wrongful assessment

followed by wrongful taking of his property.  This claim is within the jurisdiction of the Court of Federal Claims.

The Tax Court and the First Circuit deemed the issues raised by Mr. Bishay to be within the jurisdiction of the Court of Federal Claims.  That court's response is unclear, for although the court stated that "the Court lacks jurisdiction on claims that request a withdrawal of a tax lien . . . because the claims are not based on a money-mandating source of law . . . . [and] [t]herefore, Mr. Bishay's challenges to the tax lien are not within the Court's jurisdiction," Fed. Cl. Op. at 4, that court dismissed the complaint "without prejudice."  Thus, in all events, and however these ancillary issues are resolved, it is reasonable and just that the Court of Federal Claims has jurisdiction to decide whether the § 6672 penalty was properly assessed.

Over the nine years since the IRS placed this lien, no court has considered any of the potentially dispositive threshold questions, such as the absence of even an allegation of willful or untruthful behavior as required for a § 6672 penalty, or the role of the bankruptcy proceeding and the treatment of the IRS's claim by the bankruptcy court, or the expiration of the statute of limitations.  Any of these issues is dispositive of Mr. Bishay's liability for the assessed penalty.

The government also states that "Congress reserved tax lien challenges for federal district and state courts." I take note that neither the Tax Court nor the First Circuit nor the Court of Federal Claims suggested transfer or dismissal on this ground, and the Court of Federal Claims dismissed the claim without prejudice.

From my colleagues' affirmance of the dismissal, I respectfully dissent.